PATTERSON, J.
—By the order appealed from in this matter, the surrogate directed the administratix of the estate of James M. Comins, deceased, to file an inventory of the personal property of the estate, and, for failure so to do, that an attachment should issue. The order was made upon the petition of a person claiming to be the adopted daughter and only heir at law and next of kin of the intestate. The widow and certain of the next of kin opposed the petitioner’s application,, and denied that she maintained to the decedent the relation she claimed to exist. The surrogate granted the application on the ground that under the statute he had no discretion to do. otherwise, and this determination was reached upon the assumption that the only issue related to the sufficiency of an allegation that the applicant was the duly-adopted daughter of the decedent. It is provided by section 2715 of the Code of Civil Procedure that an inventory must be filed by an administrator within three months from the date of the issuance of letters, and, in default of such filing, a person interested in the estate or a creditor may apply, on proof of the fact, to the surrogate’s court, and if the surrogate be satisfied of the fact he must require an'inventory to be filed, or cause to be shown why it should not be done. It is also provided by section 2511 of the Code of Civil Procedure (subdivision 11) that a person interested may apply for an inventory, and that the allegation of his interest duly verified, shall suffice, although his interest is disputed, unless he is excluded by some final determination from which no appeal is pending. And subdivision 12 of the same section provides that the term “ next of kin,” for the purposes of the section, shall include every one entitled under the provisions of law to share in the distribution of the distributable assets of the decedent, other than a surviving husband or wife. The decision of the surrogate seems to be based upon a literal adherence to the text of subdivision 11 of section 2511; but the court of appeals has decided in Re Wagner’s Estate, 119 N. Y. 28, 23 N. E. 200, that the particular subdivision of the section under consideration, which provides that an allegation of interest, duly verified, suffices, although the interest is disputed, does not make-it compulsory upon the surrogate to grant the petition merely because there is an oath of the petitioner that he is interested,, and that the provision does not take away from the surrogate the power he" possesses to examine into the right of the petitioner to demand the relief he asks for. It is true that in the case cited the matter presented to the surrogate to defeat the petitioner’s application was something that did not go to the. *739 question of the existence of an interest itself, but to the fact tnat the estate had been fully administered and distributed ; but it plainly decides that the mere letter of the statute does not control, and that the surrogate is not powerless to consider the right of the petitioner, or to require something more than a mere statement of interest to compel him to grant the order applied for. In this matter the learned surrogate considered his power circumscribed so that he was bound to act upon the simple statement of the petitioner, without any other proof. The provision of the Code relating to the compulsory filing of an inventory is only a statutory enactment of a rule which has always obtained in probate courts. The right of a person interested in an estate to be informed of its assets has always been recognized, and the obstruction of that right by mere dispute of a claim or interest has never been permitted, but there is nothing in this provision of the Code which takes away from the surrogate “ the power to determine the right of a petitioner to the remedy sought and prayed for before entering an order upon such application.” In this particular case the petitioner merely states that she is an adopted daughter, without a word to show how or when, or under what circumstances, or by what process or by what legal proceeding, if any, she became such. Presumably she is a 'stranger in blood,—one who would not come within the statute of distributions unless there were an adoption valid in the law to give her that status. Prior to the act of 1887 adoption gave no inheritable right. It cannot be that any person presenting a petition to a surrogate, and merely stating that he was adopted by a decedent, without stating those facts which would bring him within the description of “ next of kin,” would be entitled to interfere in an estate. The petitioner here may consider herself to be an adopted daughter, and yet she may sustain no such relationship. She may believe that she was adopted and is next of kin, and yet no such adoption ever have taken place. The issue upon that head should have been regarded and litigated as the parties desired. We have no desire to limit in; any way the meaning or operation of the subdivision of the section under consideration, but in this particular case we think the surrogate should not have required upon this petition, without further proof, the filing of an inventory. That filing was not required by him of his own motion, but in recognition of a right which we think was not sufficiently established by the petitioner to justify the surrogate’s order.
. The order appealed from should be reversed, with costs and disbursements, and the matter remitted to the surrogate for further consideration.
All concur.