In the Matter of the Probate of the Last Will and Testament of FRANCES JULIA COOK, Deceased.

RACHEL BARBER and Others, Appellants; GEORGE E. KNOWLTON and Others, Respondents.

Third Department, July 2, 1926.

Wills — probate — motion by proponents to dismiss objections on ground that contestants agreed with testatrix not to contest probate — motion opposed on ground that agreement was procured by false representations and undue inffuence on testatrix and incompetency of testatrix — surrogate has jurisdiction under Surrogate's Court Act, § 40, to pass on validity of agreement — said question is preliminary to probate — under Surrogate's Court Act, § 68, contestants do not have right to jury trial of question — surrogate did not abuse discretion in denying jury trial — agreement is not against public policy.

A surrogate has jurisdiction under section 40 of the Surrogate's Court Act to pass on the validity of an agreement entered into between the contestants of a will and the testatrix, to the effect that the contestants would not contest the probate of the will, where the question raised on the agreement by the contestants is that they were induced to sign the agreement by false representations, that the agreement was the result of undue influence practiced upon the testatrix, and that the testatrix was incompetent at the time the agreement was made.

The surrogate always has the right to determine whether or not the parties to a probate proceeding are proper parties, and in this case, if the agreement is valid, the contestants would not have the right to contest the will and, therefore, would not be proper parties.

The question as to the validity of the agreement is preliminary to the probate of the will and under section 68 of the Surrogate's Court Act it is not a question concerning which the contestants have a constitutional right of trial by jury, nor is the question, within the meaning of that section, one arising in a proceeding for the probate of a will.

There is nothing to show that the surrogate abused his discretion in denying to the contestants a jury trial as to the validity of the agreement.

An agreement by next of kin with a testatrix not to contest a will is not void as against public policy.

APPEAL by Rachel Barber and others from an order of the Surrogate's Court of the county of Washington, entered in the office of said Surrogate's Court on the 23d day of April, 1926, directing that the issues arising upon the petition to strike out objections to the probate of the will and the answers

to said petition shall be tried preliminary to and separate and apart from the trial of the issues raised by the objections to the petition for probate, denying contestants' application for a jury trial and directing that the issues raised by the said petition to strike out objections to the probate and the answers thereto be brought on for trial without further notice on the 17th day of May, 1926, and overruling each and all of the objections stated and set forth in the affidavit of Walter A. Fullerton.

*Leary & Fullerton* and *Leo E. Pratt* [*Walter A. Fullerton* of counsel], for the appellants.

*Delafield, Thorne & Burleigh* and *Osborn, Fleming & Whittlesey* [*Lawrence B. McKelvey* of counsel; *John Ross Delafield, Matthew C. Fleming, George N. Whittlesey* and *William S. Savage* with him on the brief], for the respondents.

VAN KIRK, J.  Frances Julia Cook died in Whitehall, Washington county, June 10, 1925.  Her heirs at law and next of kin were a sister, Rachel Barber, two nephews, Robert and William Kirkham, and a niece, Kathryn Russell.  The deceased left a paper dated February 14, 1924, which was offered for probate as her will, and the attesting witnesses were examined.  Thereafter the next of kin filed objections contesting the validity of the paper as her will.  The proponents thereupon procured an order requiring the contestants to show cause why the objections to the probate should not be dismissed, the proponents claiming that each of the contestants had made a valid agreement with Frances Julia Cook that he or she would not at any time contest her will.  The contestants opposed this motion, *first,* on the ground that they and each of them signed the agreement induced thereto by false representations and offered to return the consideration moneys received; *second,* that the agreements were the result of undue influence practiced upon her; *third,* that decedent, at the time she made the agreement, was incompetent; and they asked for a jury trial of the issues so raised.  The surrogate overruled the objections and made the order from which the appeal is taken, directing that these issues be tried before him without a jury, before and separate from the issues raised as to the factum of the will.

The appellants contend that the surrogate has not jurisdiction to pass upon the validity of the alleged agreement.  We think this objection is completely answered by section 40 of the Surrogate's Court Act, which, so far as material, reads as follows: " Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows: To administer

justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires. * * * " A court must always have power to determine who are proper parties before it to an action or proceeding and who have such an interest in the subject of the action as entitles them to litigate. The surrogate has the sole right to determine that question in this proceeding. One of the duties of a surrogate is to prevent unauthorized contests and litigation by other than parties in interest. A stranger to interest may not contest. The courts will not be burdened with the trial of issues, nor will they subject an estate to the expense of litigation, upon the application of any other than a real party in interest. The issues presented here raise the question whether these contestants have bargained away their interest in the estate. If they have they have no standing to contest the will. This is a matter relating to the affairs of the decedent; it comes before the court by regular process and, whether the question be of a legal or equitable nature, the Surrogate's Court now is clothed with ample authority to decide the issues in order to make a " full, equitable and complete disposition of the matter."

It is necessary that this question should be determined before the hearing to establish the factum of the will. The contestants were properly cited as the heirs at law and next of kin of the deceased; they are properly in court, but have not of necessity an interest. Whether or not they have is a preliminary question. The fact that its determination will at the same time determine the validity of the alleged agreements is not material. The contestants claim that these agreements were procured by deceit practiced upon them and that the deceased signed the agreements under undue influence. Neither of these issues has to do with the validity of the proposed testamentary paper. The contestants have challenged the competency of the testatrix at the time the agreements were made, which also was approximately the time that the will was made, and urge, therefore, that these preliminary questions be tried along with the validity of the will. This argument is over weak. Of their own choice they are introducing that question in a proceeding which must precede the trial of the factum of the will; if the proponents are sustained there will be no contest.

The question now is, not whether the paper proposed is the last will of the decedent, but whether or not these appellants may raise that issue.

The appellants claim that both the questions, as to the validity of the agreements and the validity of the will, should be tried with a jury as one proceeding. They do not raise the question whether, if these preliminary questions are to be decided separately, the contestants may have a jury trial as to them. But assuming that the question is presented, its answer is found in section 68 of the Surrogate's Court Act, which contains this: " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same, and in any proceeding in which any controverted question of fact arises of which any party has or has not, constitutional right of trial by jury, the surrogate may in his discretion make such order without such demand    *    *    *" The present proceeding does not present a question of fact " of which any party has constitutional right of trial by jury " and we do not think that any question of fact presented is one arising in a proceeding for the probate of a will within the meaning of this section. The question of fact there referred to is a fact with reference to the validity of the will; it arises upon an objection filed by the contestants to the probate of the instrument offered. The absolute right to a trial by jury is limited to the issues so raised and does not extend to an issue raised by proponents' objection against the right of a party to contest the will. The latter is an issue preliminary to and not in " any proceeding for the probate of a will." The terms of the statute we think are fully satisfied by this construction. A practice analogous to this prevails in the Supreme Court. There the question whether or not the " demand set forth in the complaint has been released " may be presented by affidavit on a motion to dismiss the complaint. If an issue is raised thereon the court in its discretion may try it as a preliminary question. This rule applies though the action, in connection with which it is raised, is one in which on demand a party has a constitutional right to trial of the issues by jury. (Rules of Civil Practice, rules 107, 108.) And so here, the question of fact is one of those which the surrogate in his discretion (§ 68, *supra*) may order tried by a jury. The surrogate has exercised his discretion. The question then is, can we say that he has abused it? If so, it must be because he has not sent to a jury the question of the competency

of the testatrix at about the time the will was made, her competency being one of the questions raised by objections to probate. *First*, the contestants may not avoid their contract because the other party, the testatrix, is incompetent; *second*, in a will contest, competency at the time only when the will was made is in question. Incompetency before or after may exist and still the will be valid. So this ruling of the surrogate would not deprive a contestant of a jury trial of this question in the probate proceeding. Unless, therefore, we say there was an abuse of discretion because the right of the appellants to contest at all depends upon the determination of this question, which also might determine the validity of the will, the ruling was right. Nothing is presented now to indicate that the testatrix was incompetent when she made the agreements. Her letters and her plan at the time show in our view rationality. The usual practice has been for the surrogate himself to determine this preliminary question of right to contest a will; and, since he may or may not call in a jury, so he may or may not consider himself bound by any verdict a jury, if called in, might render. Generally it is only when the credibility of witnesses appears doubtful that the court in its discretion desires the advice of a jury; if during the course of the preliminary hearing that doubt arises, the surrogate could determine any other issue presented and hold this issue for trial by jury. We think there was no abuse of discretion.

Having in mind the broad equity powers conferred upon the surrogate by section 40 (*supra*), we find authority for our holding in *Matter of Hamilton* (76 Hun, 200); *Matter of Peaslee* (73 id. 113); *Matter of Wagner* (119 N. Y. 28, 32, 34); *Matter of Comins* (9 App. Div. 492).

The question of public policy is introduced. The disposition of one's property after death is controlled by statute. One of the next of kin has no vested interest in such property. In cases of intestacy a next of kin has such interest as the statute declares. In case there is a will, he has an interest which gives him a standing and right to contest the will. This right is his alone; in it the public has no interest; he may refrain from exercising it, or he may dispose of it as he wishes by release or assignment or settlement, and the law or public policy is not offended. Any woman of sound mind may dispose of her property after death by will as she of her free choice may desire, upon executing her will in accord with the requirements of the statute. Prior to, and in contemplation of, executing such will, she may secure from the next of kin a release of his interest in her estate and an agreement not to contest her will. A will contest is often very expensive. An estate of $1,250,000 is a great temptation to a next of kin who is not satisfied

with the will as made and who would take a considerable share if the will should be denied probate; and a testatrix can never be present to defend her will.   To the end that she may give her property as she wishes, she may before death, and while she may have a voice in the matter, provide assurance against waste and diversion of her estate.   Such action on her part offends no law; it is not injurious to the public or to the public good; it wrongs no one of anything which is his; it is but the lawful exercise of the private right of contract; it is not in our view against public policy.

The order should be affirmed, with costs.

All concur, COCHRANE, P. J., in result.

Order affirmed, with ten dollars costs and disbursements.