In the Matter of the Application of THOMAS B. PRITCHARD, as Administrator, etc., of MARY B. PRITCHARD, Deceased, Respondent, to Discover Certain Property of Said Decedent Claimed to Be Withheld.

PAULINE H. PRITCHARD, Appellant.*

Fourth Department, November 7, 1929.

*Arthur E. Sutherland, Jr.,* for the appellant.

*Clarence. P. Moser,* for the respondent.

PER CURIAM. In this discovery proceeding the issue to be tried separately, pursuant to the order of this court, concerns the character and extent of the agreement of February 4, 1925 — whether that agreement was entirely embodied in the written document of release (or reconveyance), or whether it also comprehended the claimed oral agreement limiting the apparent signification of that document. The immediate question before us is whether that issue is one which may be tried by the court, or whether the appellant is entitled to have it tried by a jury.

---

* See, also, 226 App. Div. 272.

The stock certificates in question are in the possession of the committee of the property, which is holding them until the controversy between the parties to the discovery proceeding shall be determined. It would seem that in view of the nature of this controversy, appellant is correct in claiming that the committee, the Rochester Trust and Safe Deposit Company, is holding this stock as agent for appellant (if her contention be correct), and that this discovery proceeding, viewed generally, is " to all intents and purposes an action in replevin." (*Matter of Nutrizio*, 211 App. Div. 8, 13.) So, if the main issue were being tried, it should by analogy be tried by a jury, since a replevin action is thus triable as a matter of right. (Civ. Prac. Act, § 425, subd. 2.) And all issues immediately involved — including the separate issue now under consideration — would be thus triable. (*Pitcher* v. *Hennessey*, 48 N. Y. 415; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 id. 285.)

But, confining our attention to the instant question, it would appear that the separate issue should be tried by a jury in any event. The legal meaning and effect of the written document of February 4, 1925, is clear and unambiguous. The only debatable question at issue now is whether or not the claimed coincidental oral agreement was made. The preliminary trial will substantially determine the whole controversy between the parties on its merits, if it be decided that there was no oral agreement. The appellant will be as effectually concluded as if all the issues between the parties were then tried. It would seem, therefore, that the appellant is entitled to a jury trial (N. Y. Const. art. 1, § 2; Surr. Ct. Act, § 68), because the legal title to property is involved (*Matter of Fonda*, 201 App. Div. 780; *Matter of Nutrizio*, 211 id. 8, 11), and the merits may be finally determined. (*Matter of Hamilton*, 220 App. Div. 536, 539.) *Matter of Cook* (244 N. Y. 63) differs from this proceeding in that there certain relatives — in consideration of gifts made to them — agreed not to contest the will of the donor. When these donees contested the will, the order of the surrogate directing that the issue raised by a petition to strike out the answers should be tried separately, but by the court, was affirmed by the Appellate Division (217 App. Div. 342) and by the Court of Appeals, the latter court saying that this was an issue merely preliminary, that it was simply a matter of determining who were the proper parties to the probate proceeding, a matter entirely of equitable cognizance.

The relation between the oral agreement and the written document is similar to that between a deed or assignment and an oral agreement, to the effect that the writing amounts to nothing more than collateral security. Testimony tending to establish the oral

agreement will, therefore, be competent. (*Farmer* v. *Farmer & Son Type Founding Co.,* 83 App. Div. 218; *Horn* v. *Keteltas,* 46 N. Y. 605; *Reich* v. *Cochran,* 213 id. 416.)

The order appealed from should be reversed, and the application for a trial by jury granted, with ten dollars costs and disbursements to appellant.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and application for a jury trial granted.