In the Matter of the Estate of Louis E. PETERSON, Also Known as Louis PETERSON, Deceased.

Surrogate's Court, Kings County, November 26, 1940.

*Myles J. Byrne,* for George W. Peterson, as administrator, etc., petitioner.

*Peyser & Harris,* for Edward J. Denning, respondent.

DODD, J., Acting Surrogate. This is a motion to strike out a demand for a jury trial contained in a reply in a discovery proceeding.

The affidavit upon which the initial discovery order, dated July 20, 1940, was predicated, so far as it related to the property of the deceased, asserted that the latter was the owner and entitled to three identified savings bank books representing deposits in three specified banks, together with a deed to a cemetery plot; that said books and deed were delivered to the respondent and are now in his possession and that he withholds them from the petitioner.

On August 21, 1940, the respondent interposed an answer which, in addition to general denials, set up an affirmative defense that the bank accounts in question were deposited in the joint names of the decedent and respondent and that by reason of the death of the decedent the respondent became the sole owner thereof by a maturing of survivorship rights.

On September 6, 1940, the respondent served an amended answer the effect of which, for present purposes, was identical. This service was made by mail. The original, with affidavit of service, was filed on September ninth.

On September eighth the respondent served papers on a motion, returnable on September eighteenth, to require the petitioner to reply to the affirmative defense contained in the answer, pursuant to the provisions of section 274 of the Civil Practice Act. This motion was granted by order dated September twenty-seventh.

On October first the petitioner served a reply which was addressed solely to the affirmative defense respecting the bank accounts raised by the amended answer, and concluded "that a trial by jury of the issues raised by the answer and reply herein is hereby demanded." The respondent has now moved to strike out this demand.

The question underlying the decision thereon is whether a constitutional right to trial by jury of the issues which were raised by the answer matured upon its filing. This was clearly and unequivocally answered in the affirmative by the Appellate Division for this department in *Matter of Comfort* (234 App. Div. 19, 25). It follows that such right of demand matured not later than September ninth. Demand was not actually made until October first, twenty-one days later, and when made was directed solely to the determination of the issue of title which had been raised by the answer.

Section 67 of the Surrogate's Court Act, so far as presently material, reads: " Whenever in any proceeding in the Surrogate's Court, the order or decree of the court will determine any issue of fact as to which any party has a right of trial by jury, such trial shall be deemed waived unless such party personally or through his attorney, guardian, committee or special guardian appears and demands the same in writing. Such written demand by a respondent must be served with his answer or objections upon the petitioner or his attorney and must be filed with the clerk of the court within three days after such service. Within six days after service upon petitioner or his attorney of an answer or objections a petitioner may serve such a demand upon all the respondents who have appeared in the proceeding. Such demand must be filed by petitioner with the clerk of the court within three days after such service."

The issue of title respecting the bank accounts which was raised by the answer of the respondent comes squarely within this language and it is the only question upon which a determination by jury has been demanded.

By reason of the express provision of the section, the petitioner was required, under penalty of waiver thereof, to assert his right to a jury trial of this issue within six days after service of the answer and to file his demand with the clerk of this court within three days thereafter. He failed to comply with this statutory requirement, wherefore it must be determined that at the time demand was actually made the right had lapsed and that the present motion must be granted.

Enter order on notice in conformity herewith.