In the Matter of the Estate of WILLIAM C. HERRICK, Deceased.

Surrogate's Court. New York County, October 8, 1941.

*John M. Keating,* for the petitioner.

*Kathryn B. Newman* [*Joseph T. Arenson* of counsel], for the Corn Exchange Bank Trust Company and John J. Fields, 3d, as executors, respondents.

*Harold A. Bogin,* for Elizabeth K. Abbott, P. O. Roberts and Chris Menke, respondents.

FOLEY, S. In this proceeding, Lena A. Herrick, the widow of the testator, seeks a determination as to the validity and effect of the written election made by her to take her intestate share of the estate pursuant to the terms of section 18 of the Decedent Estate Law. The executors and certain legatees resist the relief sought by the widow upon the ground that she duly waived, by an agreement in writing, any right to elect under the provisions of the section.

It is undisputed that such an agreement was executed and acknowledged as required by law. (§ 18.) Its validity, however, is challenged by the widow upon the grounds that it was entered into by duress and coercion exercised upon her and by fraud practiced upon her through the misrepresentation of the true income earned by the husband and his failure to disclose the actual amount of property then owned by him. She asks that the agreement be declared void. The agreement included not only the waiver of the right of election, but also an arrangement for the adjustment of the property rights of the wife and the husband, provisions for a separa-

tion allowance and an obligation by the husband to create certain testamentary benefits for the wife. He agreed to pay his wife the sum of $250 per month as an allowance for her support during the joint lives of the parties. In the event of her survival he obligated himself to make a will in which she would receive as a legacy the sum of $2,500 outright and an income of $200 per month during her life. The promise was carried out in the will admitted to probate. The husband agreed to release any interest in certain real property located in Pennsylvania of which she was the owner. The waiver of the right to elect under section 18 was reciprocal, for the husband renounced any such right of election as against the will of his wife.

Extensive testimony has been taken upon the issue. At the close of the petitioner's case, the proceeding was dismissed because of the overwhelming proof which showed that no coercion, duress, imposition, misrepresentation or suppression of facts entered into the transaction. Upon this finding by the surrogate, it necessarily follows that the widow is without any legal right to elect to take against the provisions of the will under the terms of the applicable section.

The testator and his wife separated in January of 1936. Recriminations followed and the parties failed to adjust their differences over the amount of the pecuniary allowance for the maintenance of the wife. In January, 1937, she initiated an action in the Supreme Court of New York county for a separation, upon the grounds of abandonment, failure to support and cruelty. The testator, in his answer, denied the charges of the wife and set up a counterclaim alleging that she had abandoned him and had been guilty of cruelty. During the pendency of the action an order for temporary alimony was made at the rate of $300 per month. The respective claims of husband and wife as to his earnings were set forth in the motion papers upon which that order was made. Formal application was made by the wife for an examination of the husband before trial as to his earnings and resources. The application was denied. A reargument was had and denied. Appeal was taken to the Appellate Division and the order denying the examination was affirmed without opinion. (*Herrick* v. *Herrick*, 252 App. Div. 739.) The action proceeded to trial and was marked ready on successive days. During the period negotiations for a settlement were conducted between the attorneys and the parties. On January 21, 1938, the action was marked settled since, upon that day, the execution of the separation agreement had been completed.

While counsel for the widow concede, with some complacency, that this court is without power to pass upon the propriety of the refusal of the justice of the Supreme Court to postpone the trial

because of the alleged engagement of counsel and the further propriety of the denial of the examination of the husband before trial by the Appellate Division, they seek by indirection to attack these judicial determinations. In substance and in effect they complain of their inability to have examined the testator in the action. In that sense they would have the surrogate nullify the affirmance by the Appellate Division. There are two answers to these charges which are now readily observable. *First*, they and their client, the wife, were generally familiar with the financial affairs of the testator during the course of the separation action and before the execution of the agreement, and, *second*, even if the more detailed information which has been submitted to the surrogate had been before the Supreme Court, there would, in my opinion, have been no increase in the amount of permanent alimony if the case had gone to final decree, nor would there have been any different agreement as to the periodic amounts allowed to the wife.

There is not the slightest evidence of any concealment, fraud or imposition practiced upon the wife in the preparation and execution of the agreement. Both parties dealt at arms length. The wife was represented by two experienced attorneys, and from her admissions made in the papers in the separation action it clearly appears that she was generally familiar with the income and the financial affairs of her husband. Her intimate knowledge is revealed in her affidavits filed in the separation action. In them she charged her husband with the ownership of property and the receipt of income from salary and other sources. Her statements in these papers destroy her present claim that she first acquired knowledge of his true income and financial worth after the agreement was signed and even after his death. They had been married for a period of twenty-five years. There was no hasty preparation of an instrument nor a situation where she was compelled to sign without independent legal advice. In the agreement itself it was stated that its terms were fair, just and reasonable, and that the parties signed freely and voluntarily and that the wife understood the facts and had been fully informed of all her legal rights and liabilities. The appearance of the widow in giving her testimony gave a strong impression that she was sharp, shrewd, experienced and intelligent. The wife made no complaint in the lifetime of her husband as to the adequacy of the amount which he had agreed to pay her. She never sought judicial action to impeach the agreement. For a period of over a year, and until the time of his death, she accepted these periodic payments without protest.

Counsel for the widow urge the application of the line of authorities which impose the rule of strict scrutiny of agreements between

husband and wife involving the fixation of the amount for her support, or those affecting her own property rights or those which have set aside inequitable agreements which relieved the husband of the duty of support, or where a lump sum payment had been made under the terms of the separation agreement. (*Hungerford* v. *Hungerford*, 161 N. Y. 550; *Tirrell* v. *Tirrell*, 232 id. 224; *Harding* v. *Harding*, 203 App. Div. 721; affd., 236 N. Y. 514; *Scheinberg* v. *Scheinberg*, 249 id. 277; *Kyff* v. *Kyff*, 286 id. 71; *Heaney* v. *Heaney*, 255 App. Div. 879; affd., 280 N. Y. 638; *Almonte* v. *Almonte*, 259 App. Div. 311.) These cases follow the general rules and apply them in varying form to the special circumstances of each situation, (1) that a separation agreement which is not just and fair will be set aside, (2) that the husband's legal obligation to support his wife (Dom. Rel. Law, § 51) requires him to make financial provision for her in an amount commensurate with his means, (3) that if the amount of support agreed upon was unreasonably disproportionate to the financial worth of the husband or the agreement is otherwise improvident as against the wife, it may be declared void or the financial provisions may be modified by judicial action. Because of the special facts in the pending proceeding none of these authorities or rules applies here.

It was stated by Chief Judge LEHMAN in *Goldman* v. *Goldman* (282 N. Y. 296, 300) that separation agreements, " lawful when made, will be enforced like other agreements unless impeached or challenged for some cause recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement." He continued, quoting from a previous decision of the Court of Appeals, " ' The law looks favorably upon and encourages settlements made outside of courts between parties to a controversy. If, as in this case, the parties have legal capacity to contract, the subject of settlement is lawful and the contract without fraud or duress is properly and voluntarily executed, the court will not interfere.' (*Galusha* v. *Galusha*, 116 N. Y. 635, 646.) * * * so long as the separation agreement ' remains unimpeached, it must be the measure of the allowance for the support of the plaintiff, which the defendant shall pay. * * *.' (*Galusha* v. *Galusha*, 138 N. Y. 272, 283.) "

These rules were very recently restated in *Kyff* v. *Kyff* (*supra*), by Judge FINCH. A " wife may not voluntarily release her husband from his *duty* to support her and neither may the husband for a consideration purchase exemption from that duty. (*Goldman* v. *Goldman*, 282 N. Y. 296, 302.) Nonetheless, where the husband and wife agree upon the *measure* of the support which they deem proper for the benefit of the wife, then the court will not compel the

husband to support the wife in a greater sum (*Goldman* v. *Goldman, supra,* at pp. 300, 301; *Galusha* v. *Galusha,* 138 N. Y. 272), unless the amount agreed upon is plainly inadequate. (*Goldman* v. *Goldman, supra,* at p. 301; *Tirrell* v. *Tirrell,* 232 N. Y. 224; *Hungerford* v. *Hungerford,* 161 N. Y. 550.) "

The widow here has failed to show any plain inadequacy in the amount allowed to her by the separation agreement. There are certain immaterial disparities between the actual average income earned by the testator and the amounts of his net income set forth in the papers in the separation action, which are claimed by the widow to be misrepresentations. If the husband had been alive, however, these inconsequential disparities would not have provided a basis for the modification of the periodic amounts agreed to be paid to his wife.

That part of the agreement in which the wife waived her right to elect to take against the will of the testator, under section 18 of the Decedent Estate Law, is valid and must be enforced. The evidence shows that she acted with a clear comprehension of the object and effect of the instrument of waiver and that there was no fraud by either misrepresentation or concealment, or any duress exercised upon her. (*Matter of Rogers,* 250 App. Div. 26; *Matter of Markel,* 175 Misc. 570; affd., 261 App. Div. 950; *Matter of Moore,* 165 Misc. 683; affd., 254 App. Div. 856; affd., 280 N. Y. 733.)

The terms of the will which include the pecuniary bequest of $2,500 to the widow and the direction for the payment to her of an income of $200 per month cannot be nullified and must stand. She has validly waived her right of election under the section.

Submit decree on notice accordingly.