In the Matter of the Construction of the Will of CHARLES L. VAN HOECKE, Deceased.

Surrogate's Court, Monroe County, November 28, 1949.

*James K. Feely* for Lene Van Hoecke, petitioner.

*Abraham G. Francis* for John Brabant and others, respondents.

WITMER, S. In the petition for probate of the will herein the petitioner requested that the will be construed upon its admission to probate. No objection to probate having been made and the necessary proofs having been presented, the court directed that the will be admitted to probate and that decree therefor be presented. The construction proceeding was then entertained. All of the parties to such proceeding being adults and competent and before the court, the special guardian appointed upon the probate proceeding was released and discharged from further participation in the matter.

The will was executed on March 6, 1923. The testator's first wife is named therein as life beneficiary of the entire estate, the remainder to her four children, the respondents, by her former marriage. The testator's first wife died, and on October 14, 1937, he married the petitioner, and lived with her until his death on April 29, 1949. Three days before the testator's marriage to the petitioner, he and she entered into a written agreement, duly acknowledged, whereby it was recited that the testator owned the residence premises at No. 24 Poplar Street, Rochester, New York, and was about to marry the petitioner, and it was provided that the testator thereby granted to the petitioner the life use and possession of said realty at No. 24 Poplar Street, and the petitioner agreed that if she survived the testator, she would maintain the property and pay the taxes thereon for life and upon her death it would pass to his heirs " or pursuant to the provisions of his Last Will." No reference was made therein to any

other property or matter. On the same day the testator executed to petitioner a formal waiver of election, duly acknowledged, of all rights to the petitioner's estate as against any existing will or one which might be made in the future, and also renounced all claims to the petitioner's estate should she die intestate. The above two instruments are in separate covers and were acknowledged before different officers; but the execution of each was witnessed by Curtis Fitz Simons. Each instrument is enclosed in a legal cover indorsed with the name of Curtis Fitz Simons, Esq., now deceased, a former lawyer of this city who bore an excellent reputation as a careful and able attorney at law.

It appears that the petitioner is the testator's sole distributee (Decedent Estate Law, § 83, subd. 4); that the real estate above mentioned is free and clear of liens and is worth about $5,000; and that the testator's personalty amounts to about $5,000. The petitioner claims that by virtue of section 35 of the Decedent Estate Law she is entitled to take her intestate share in the testator's personalty, that is, all of his estate aside from the real estate referred to in said agreement. The respondents contend that the agreement of October 11, 1937, above-described, between the testator and petitioner, is such an antenuptial agreement as is intended by section 35 of the Decedent Estate Law shall bar the petitioner from any rights in the testator's estate except as provided for her in such agreement. The personalty, less funeral and administration expenses, is the stake; and the question is whether it shall pass to the respondents under the will or to the petitioner as by intestacy.

Section 35 of the Decedent Estate Law provides in part as follows: " *Revocation by marriage.* If after making any will, such testator marries, and the husband or wife survives the testator, such will shall be deemed revoked as to such survivor, unless provision shall have been made for such survivor by an ante nuptial agreement in writing ".

Prior to the 1932 amendment of said section (L. 1932, ch. 459), it was similar in form to section 26 of the Decedent Estate Law which provides that a will is ineffective as against an after-born child of the testator " unprovided for by any settlement " and not mentioned in the will. Historically, the basis for the law, as codified in section 26 and former section 35 of the Decedent Estate Law, was the principle that where a testator's situation changed after he made his will, he must have intended a revocation of his will in order to effect a discharge of his moral duties arising out of the changed situation. Under such theory and law any act which satisfied the court that the testator had recog-

nized such obligations and had acted with reference thereto was sufficient to establish his intent and prevent the application of the principle of implied revocation. Even so, to avoid the application of such principle it was necessary that the act be such as to show that the testator intended it to be a settlement. (*Matter of Griffin*, 159 Misc. 12, 16–17.) The 1932 amendment of section 35 of the Decedent Estate Law, however, has changed the former rule in such section from one of presumed intent to one of substantive law, and prevents a testator from depriving his spouse of her intestate share without her written agreement thereto. (See 1 Butler on New York Surrogate Law and Practice, §§ 314–315.) In this respect it is analogous to the provisions of subdivision 9 of section 18 of the Decedent Estate Law concerning the waiver of right of election, and to this extent the cases construing the latter section are pertinent to the case at bar. Accordingly, the argument that the mere fact of the execution of said agreement shows that the testator had considered his moral obligation to his wife and is presumed to have discharged it, is no longer applicable under this section as amended. Still, respondents argue that under this section as amended we are not to look to the substance of the antenuptial agreement, but only to the fact of its existence.

Since this statute (Domestic Relations Law, § 35) deprives a testator of the power to disinherit his spouse in the absence of " an ante nuptial agreement in writing " and is silent as to the nature of such antenuptial agreement, it becomes necessary to construe the act in this respect. The statute as amended having fixed the rights of the surviving spouse as a matter of substantive law just as does section 18 of the Decedent Estate Law, it is proper to look to the latter section by way of analogy as a guide to the probable legislative intent. The latter statute provides that a spouse under certain circumstances is entitled to elect to take her intestate share in her husband's estate, but may waive such right. It appears that the Legislature, in amending section 35 of the Decedent Estate Law, meant to protect the surviving spouse in the situation there referred to substantially to the same extent as in section 18 of the Decedent Estate Law, in respect of the waiver of intestate rights.

These statutes are not abstractions but are designed to relate to the succession of property. The words " unless provision shall have been made " as contained in section 35 of the Decedent Estate Law are to be read in connection with the intended subject matter, namely, the testator's property. Thus, this portion

of the statute in effect reads: " Unless provision *with respect to his assets* shall have been made, etc.". In the instant case the testator and petitioner made provision with respect to his realty but not with respect to his personalty, and as to the latter the will must stand revoked by reason of section 35 of the Decedent Estate Law, unless we are to construe the statute and agreement narrowly and against the surviving spouse.

The policy of the Legislature and of the courts has been to protect the interest of a surviving spouse in decedent's assets. The Appellate Division of this department has closely adhered to this general policy. (See *Matter of Withall,* 191 Misc. 1016, revd. 274 App. Div. 846; *Matter of Palmer,* 192 Misc. 385, affd. 275 App. Div. 792, and *Matter of Daniels,* 193 Misc. 862, revd. 275 App. Div. 890.) Releases and separation agreements have been strictly construed and held not to constitute a waiver of the right of election where such waiver has not been expressly stated (*Matter of Colaci,* 288 N. Y. 158; *Thompson* v. *Thompson,* 163 Misc. 946, 949–950, affd. 254 App. Div. 601; *Matter of Brown,* 153 Misc. 282; *Jardine* v. *O'Hare,* 66 Misc. 33, 34), and where it was not contained in a binding written instrument (*Matter of Goldberg,* 275 N. Y. 186); and even an express waiver of a right of election has been declared invalid where not duly acknowledged. (*Matter of McGlone,* 284 N. Y. 527.) The construction sought by the respondents herein is contrary to the intent of the Legislature and the policy of the courts.

Section 35 of the Decedent Estate Law provides that the will is revoked as to the surviving spouse in the absence of provision made for her by antenuptial agreement. The burden of proof of " the existence of such ante nuptial agreement " is upon those who would sustain the will, in this case the respondents. The antenuptial agreement refers only to the realty. Apart from the principle that it should be strictly construed and not extended to include property not referred to, we have the companion instrument, the waiver of the right of election duly executed by the testator in favor of the petitioner on the same day on which the antenuptial agreement was executed. It shows clearly that the lawyer in whose legal covers each instrument is enclosed was mindful of the manner of drafting a full and complete waiver and release of rights in the property of a spouse. It is evident from the two instruments that the parties never intended that the petitioner was releasing her rights under section 35 of the Decedent Estate Law to any of the testator's property, except the real estate specifically mentioned.

It is held, therefore, that by virtue of section 35 of the Decedent Estate Law the testator's will is deemed revoked as to the petitioner with respect to all of the testator's assets, excepting the realty at No. 24 Poplar Street, Rochester, New York, which realty shall be disposed of as provided in the testator's will as modified by said antenuptial agreement.

Submit decree accordingly.