VIRGINIA P. G. BENJAMIN, Plaintiff, *v.* HENRY R. BENJAMIN, Defendant.

Supreme Court, Special Term, New York County, January 11, 1950.

*Samuel I. Hartman* and *Daniel J. Madigan* for plaintiff.

*Harold H. Corbin* and *Edward J. Bennett* for defendant.

HECHT, J. Defendant moves for judgment on the pleadings in this action brought against him by his wife for a declaratory judgment.

The parties were married in 1941 and entered into an antenuptial agreement. That agreement provided for the payment by

defendant to plaintiff of $20,000 in cash and gifts of certain jewelry. In addition, defendant set up an irrevocable trust fund of $200,000 in favor of the wife as life beneficiary, with power of appointment in the wife to dispose of the principal by her will. Finally, defendant agreed to create a trust fund in his will of one fifth of his estate, with his wife as life beneficiary; the other four fifths were to go to the adult children of defendant by a prior marriage. The parties waived their respective rights in each other's estate. It is alleged that defendant is presently worth $15,000,000.

The provision in the agreement relative to the trust fund of one fifth of defendant's estate, which is in question here, reads as follows: " The parties hereto agree that the foregoing provisions of this article shall be contingent upon the Party of the Second Part surviving the Party of the First Part, and the parties hereto not having been divorced or separated by decree of a court of competent jurisdiction or separated by written agreement." The complaint alleges that plaintiff is contemplating instituting an action for separation against her husband and that she has been advised that she has a meritorious cause of action because of his failure to support her in her station in life as the wife of a multimillionaire, because of his cruel and inhuman treatment and because he has been consorting with other women. However, she has been deterred in proceeding with the action because she has been informed by counsel for defendant that if she obtains a decree of separation, she will forfeit her rights under the antenuptial contract to be the life beneficiary of the trust fund to be set up in her husband's will. It is her contention that such a forfeiture was never contemplated by the parties in the event that the husband should be found at fault and she seeks a declaration by this court of the rights of the parties under the words " or separated by decree of a court of competent jurisdiction ". In this regard, the complaint seeks a declaration that the words quoted imply that the decree should be against the wife for her fault or misconduct, that if they mean without fault of either party, then the agreement is void as against public policy, and, finally, that the wife may institute the separation action and if she obtains a decree, she will not forfeit her rights under the agreement.

There is no claim of fraud or overreaching. In fact, the agreement states that the wife has " been fully advised in the premises by counsel of her own selection ". The agreement is in proper form to sustain an enforcible waiver against the

wife in her husband's estate, and in this regard it should be noted that consideration is unnecessary to the validity of such waiver. (Decedent Estate Law, § 18, subd. 9, cl. [d].) Any question as to whether the wife would have consented to such a waiver if there was any chance of her losing her interest in the trust fund is therefore not before the court. Reformation of the contract upon such grounds may possibly be obtained in another type of action but is not appropriate here where plaintiff is seeking a declaratory judgment.

The language used is plain and unambiguous. The provisions for the trust fund becoming operative are contingent on the parties "not having been divorced or separated by decree of a court of competent jurisdiction or separated by written agreement". In fact, an amendment to this agreement, signed about six months after the marriage, provided for immediate creation of the trust by the husband depositing $5,000, to which would be added a wife's share of the husband's estate upon his death. That provision reads: "The Trust shall be measured by the life of the Party of the Second Part with a provision for an earlier termination in the event she and the grantor are divorced or separated by a decree of a court of competent jurisdiction or a written separation agreement." Here again, no question of fault has been alluded to. It would have been a simple matter to have incorporated appropriate words in these carefully drawn documents to have expressed what is now plaintiff's interpretation of the contract. Plaintiff is bound by the agreement she signed (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159).

There remains the question as to whether the agreement is against public policy. It is true that the parties may not contract to relieve the husband of his liability for support (Domestic Relations Law, § 51), but such is not the case here. The application of that public policy goes to a situation during the lifetime of the husband. The wife here is interested in her support after he has died. There is no public policy protecting the wife's interest in her husband's estate or his liability for support after his death. As pointed out above, a waiver of her right of election to take against his will and to take her statutory share is enforcible without consideration.

Finally, plaintiff contends that the State is so interested in the sanctity of the marital relationship with its attendant duties and obligations that it looks with disfavor upon any arrangement whereby the parties agree to marry, with complete freedom of action to either in their personal lives. In this regard, plaintiff misunderstands the agreement she signed. She is not

forced to live with her husband under unbearable conditions. She is provided by law with adequate remedy in such a situation. The only limitations on the freedom of action of parties to a marriage are the legal sanctions of divorce or separation. We have not gone beyond that point in prescribing legally enforcible moral standards for married people. What plaintiff is in effect saying is that she is forced to condone her husband's misconduct at the risk of forfeiting an interest in his estate and reference is made to the beauty and bliss which is the sole contemplation of women on the eve of marriage. A compulsion resting upon monetary evaluation of marriage is just as abhorrent to the standards of sanctity the plaintiff desires to apply here.

I therefore hold that the portion of the agreement referred to in the complaint is clear and unambiguous, does not offend the policy of this State, and that if the parties are separated by a decree of a court of competent jurisdiction, plaintiff loses her rights under article V of the agreement. Motion granted. Settle judgment.