In the Matter of the Estate of GEORGE C. DEFFNER, Deceased.
Surrogate's Court, Monroe County, July 22, 1952.

*Clarence F. Grabb* for Ella M. Deffner, petitioner.

*Max Cohen* for Nelson G. Deffner, as administrator *c. t. a.* of George C. Deffner, deceased, respondent.

WITMER, S. Testator's widow filed a right of election under section 18 of the Decedent Estate Law claiming the right to take an intestate share in his estate as against his will of 1944, and thereafter she petitioned the court to require respondent administrator *c. t. a.* to set off to her the property of the testator which is normally exempt to a surviving spouse under section 200 of the Surrogate's Court Act. Respondent answered and alleged that the widow is barred from the right to any of the estate assets under section 200 of the Surrogate's Court Act and under section 18 of the Decedent Estate Law because of a waiver which she executed in 1932 at the time testator made the will which he made next previous to the one which has been admitted to probate; and respondent also alleged that the widow has lost her rights to any such property because of her alleged abandonment of the testator in the last months of his life, respondent relying in this respect upon subdivision (d) of section 87 of the Decedent Estate Law. The widow denied the abandonment and denied that a waiver was executed which is binding upon her with respect to the probated will.

Evidence was received upon the question of abandonment of the testator. Respondent failed to sustain his burden of proof, and that portion of his answer is dismissed. The question of waiver under subdivision 9 of section 18 of the Decedent Estate Law remains to be considered.

It appears that on June 4, 1932, the testator executed a will in which he devised and bequeathed all of his property to a corporate trustee in trust for his son, Nelson G. Deffner, with fractional payments of the corpus to be made to the son when he arrived at the respective ages of twenty-five and thirty years, and the entire balance of the fund to be paid to him at thirty-five years. Attached to that will is the waiver in question which was duly executed and acknowledged by petitioner, reading as follows: " I, Ella May Deffner, wife of George C. Deffner,

who has made and executed a Last Will and Testament dated June 4th, 1932, in which the said George C. Deffner has left his entire estate in trust for the benefit of his son, Nelson George Deffner, do hereby expressly waive my right of election to take against the said Last Will and Testament, and consent to the disposition therein made.''

There can be no doubt that were testator's 1932 will probated, his widow would have been barred from electing to take any of his property, by virtue of said waiver. But the testator revoked that will by his will of 1944 which was admitted to probate. Thus the question is whether petitioner is bound in any respect by the waiver.

Subdivision 9 of section 18 of the Decedent Estate Law expressly provides that a spouse may waive right of election against a particular will or any will. The waiver in this case was attached to the will of 1932, and petitioner thereby expressly waived her right of election against that will. The question arises whether the statutory provision for waiver of right to elect against a particular will has reference to a will executed on a particular occasion or one which contains a particular testamentary disposition, whenever executed. It seems that it may be either, depending upon the intention of the waiving spouse. Here the petitioner not only waived with respect to the 1932 will but she added '' and consent to the disposition therein made.'' Although it may be argued that such words were merely unnecessary surplusage and added nothing to what went before, they may not be disregarded and expunged. We must assume that they were used for a purpose, namely, to make it clear that petitioner was consenting that the testator devise and bequeath all of his property to his son absolutely if the son has attained the age of thirty-five years at the testator's death. The son was thirty-five years old when the testator died.

Petitioner's consent as to the son was general, and was not necessarily limited to the 1932 will. Insofar as testator continues in his 1944 will the same provisions as were contained in the 1932 will, the waiver must bind petitioner. Instead of revoking the 1932 will, testator could have accomplished the same result as provided in the 1944 will by a codicil to the 1932 will, merely modifying the will to provide for the $5,000 legacy for the grandson as contained in paragraph '' Second '' of the 1944 will. Petitioner had unequivocally waived her right to share in testator's estate as against testator's son. She is

injured in no way by the change which the testator made in his will. Nevertheless, she did not consent to the bequest for the grandson, and it may be argued that she would not have waived her rights in favor of the grandson.

Insofar as the probated will differs in effect from the will of 1932, that is, to the extent of the $5,000 legacy for the grandson, petitioner is not bound by the waiver. A waiver is construed strictly in favor of the surviving spouse, and will not be extended beyond its literal terms. (*Matter of Colaci,* 288 N. Y. 158; *Matter of Van Hoecke,* 197 Misc. 339, affd. 277 App. Div. 832.) A waiver of the right of election may properly bind its maker as to a part of testator's estate and yet not bar her with respect to the remainder of the estate. (*Matter of Van Hoecke, supra.*)

Petitioner, therefore, may elect to take her intestate share with respect to the $5,000 legacy for the grandson. In all other respects she is barred by the waiver, and may have no share in the rest of the estate assets, including the assets which would be exempt to her under section 200 of the Surrogate's Court Act except for such waiver.

Submit decree accordingly.