Lawrence H. Cooke, S.
Petitioner herein, the widow of the decedent, having filed and served a notice of election, prays for a decree determining that she is entitled to take her share of the estate as in intestacy.
It appears, briefly and among other things, that petitioner and decedent were married to each other on February 12, 1949; that each had been married twice previously thereto; that decedent had had six children by his first wife; that petitioner had had four children hy her first husband; that the parties had known each other for about four years prior to the marriage ; that on February 4, 1949 the parties went to a law office where it was suggested that petitioner retain an attorney of her own choice to represent her which suggestion was declined and where the terms of a proposed antenuptial agreement were discussed, and that on February 7,1949, or 5 days before the marriage, they returned to the law office and each was given a copy of the agreement which was read aloud and then executed and acknowledged hy the parties.
By the terms of said contract, in which decedent was referred to as “ Max ” and petitioner as “ Ethel ”, it was provided in part as follows:
Whereas, the parties hereto are about to contract marriage with each other and in anticipation of such marriage, they desire by antenuptial agreement to fix and determine the rights that will accrue to each in the property and estate of the other hy reason of the marriage, and to accept the provisions of this agreement in lieu and in full discharge and satisfaction of all such rights, and
Whereas, each of the parties hereto has been fully apprised hy the other of, and each party hereto has full knowledge of, the property and estate of the other party and of the children of the other party hy former marriages, and of the rights of such children in and to such property and estate of the other party, * * *
1. Max shall, within six (6) months after the marriage is solemnized between the parties hereto, by last Will and Testament, provide that upon his death Ethel shall receive from his estate a sum of money of not less than Three Thousand ($3,000.00) Dollars, and that such bequest shall he a charge upon his real and personal property, free of all estate or inheritance taxes and that all other legacies and devises of the said Will shall be subject to said bequest to Ethel of the sum of Three Thousand ($3,000.00) Dollars.
2. Ethel shall and hereby does waive, discharge and release any right, title or interest whatsoever which she may acquire in the property of Max at any time hereafter hy reason of such marriage.
3. Max does hereby also waive, discharge and release any right, title or interest whatsoever which he may acquire in the property of Ethel at any time hereafter by reason of such marriage.
4. Each party hereto waives, discharges and releases any and all claims and rights that he or she may acquire by reason of the marriage, to wit:
(a) To share in any capacity or to any extent whatsoever in the estate of the other party upon the latter’s death, whether by way of dower, thirds, courtesy, *20 widow’s allowance, statutory allowance, distribution in testacy or intestacy; and
(b) To elect to take against the other party’s Last Will and Testament under Section 18 of the Decedent Estate Law of the State of New York; * * *
This provision shall serve as a mutual waiver of the right of election in accordance with .the requirements of Section 18 of the Decedent Estate Law of the State of New York.
5. It is the intention of the parties that except as herein provided, each party shall keep and retain sole ownership and control and enjoyment of all property, real and personal, now owned or hereafter acquired by him or her in any manner whatsoever.
It further appears that decedent did execute a will within the six months’ period after the marriage in which he bequeathed to the wife an amount in conformity with the agreement but that on December 19, 1951 he made another will (which has been admitted to probate) containing the same clause for the benefit of the widow. Both wills contained a statement to the effect that the bequest in favor of the wife was pursuant to the prenuptial agreement in question. The only difference in the two instruments was that decedent’s sixth child was included as a residuary legatee in the latter document, she having arrived at her majority in the interval between the execution of the two wills. The proof submitted by the executors indicates that the wife was present on the second occasion and that the execution of the latter will was agreeable to her. The proof of the petitioner contradicts said testimony.
The gist of petitioner’s contention is that the waiver of election as contained in the antenuptial agreement applied to the 1949 will but not to the 1951 will, citing in particular the case of Matter of Deffner (202 Misc. 1, revd. 281 App. Div. 798, affd. 305 N. Y. 783). The situation in that matter was decidedly different than that here because there the waiver referred to one particular instrument of a specified date.
Here, the waiver was not confined to any one particular will or just to a will made within six months after the marriage, or in other words to the 1949 will, but each party waived, among other things, the right “ To share in 'any capacity or to any extent whatsoever in the estate of the other party upon the latter’s death” and the right “ To elect to take against the other party’s Last Will and Testament under Section 18 of the Decedent Estate Law ”. Also, it was stated definitely that: “ This provision shall serve as a mutual waiver of the right of election ” and “ It is the intention of the parities that except as herein provided, each party shall keep and retain sole ownership and control and enjoyment of all property, real and personal, now owned or hereafter acquired by him or her in any manner whatsoever.”
*21 A reading of the agreement reveals plainly and readily an intention and an agreement to waive as to any and all wills of each of the parties, not merely as to one to be made by one of the parties within six months after the marriage (Matter of Sturmer, 303 N. Y. 98). The provision as to the will to be made by the prospective groom after the marriage was an undertaking on his part to make a will containing provisions as outlined, which undertaking was complied with on his part. The making of the second will confirmed the provision in the earlier will for the benefit of the wife and in no way injured her or altered her position.
Unless the nature of a contract is such as to make performance on the exact day agreed upon of vital importance, or the contract in terms provides that it shall be so, failure by a promisor to perform Ms promise on the day stated in the promise does not discharge the duty of the other party (Restatement, Contracts, § 276, subd. [a]). Here, it is clear that the time for the maMng of the will by the husband was not of the essence because a will takes effect as of the date of death of the testator (Matter of Goldberg, 275 N. Y. 186, 192). It is stated in Page on Wills (vol. 4) at page 878: “ A contract to devise or bequeath property can be performed by maMng a valid will at any time during the life of the promisor, and leaving it in force at Ms death. Such contract can not be broken by non-performance until the death of the promisor.” The mere designation of a particular date upon wMch a thing is to be done does not result in making that date the essence of the contract (Ballen v. Potter, 251 N. Y. 224, 228). It is settled law that unless time is of the essence of a contract, mere lapse of time does not avoid it or forfeit rights under it (Boswell v. United States, 123 F. 2d 213, 215).
Fraud will not be presumed in the absence of proof of facts from wMch concealment or imposition reasonably may be inferred (Matter of Phillips, 293 N. Y. 483, 491) and there is no proof of fraud here nor is there any proof from wMch concealment or imposition reasonably may be inferred.
The law favors antenuptial agreements (De Cicco v. Schweizer, 221 N. Y. 431, 439; Phelan v. United States Trust Co., 186 N. Y. 178, 185; Strebler v. Wolf, 152 Misc. 859, 861; Ramon v. Ramon, 34 N. Y. S. 2d 100, 101; see Benjamin v. Benjamin, 197 Misc. 618, 620, affd. 277 App. Div. 752, affd. 302 N. Y. 560) and, when fairly made and executed without fraud or imposition, they will be enforced by the courts (Taber v. First Citizens Bank & Trust Co. of Utica, 247 App. Div. 580, 587, affd. 273 N. Y. 539).
*22 The facts here bear a striking significance to those in Matter of Wolozin (194 Misc. 212, affd. 276 App. Div. 825, motion for leave to appeal denied 276 App. Div. 899) to which decision reference is made.
The court holds that petitioner has waived and released her right of election to take against decedent’s will (Decedent Estate Law, § 18, subd. 9).
Submit decree on notice of two days.