John J. Dillon, S.
The decedent died on February 19, 1958. The petitioners have offered for probate an instrument purporting to be his will, dated February 16, 1948, and a purported codicil dated May 15, 1951. Objections based on all the usual grounds were filed by the widow, who is not named as a legatee in either instrument. The petitioners thereupon challenged the status of the widow to question the validity of the alleged will and codicil. The court directed a preliminary hearing to pass upon the status of objectant as a distributee of decedent. (Surrogate’s Ct. Act, § 40; Civ. Prac. Act, § 443, subd. 3; Matter of Cook, 244 N. Y. 63, affg. 217 App. Div. 342.) The hearing disclosed the following facts:
In 1948 the decedent was a widower and the father of two children. In the alleged will made on February 16, 1948, he left $2,000 to his sister and divided the residue between his son and daughter. Subsequently he became acquainted with the objectant and contemplated marriage. On March 31, 1951 the decedent and objectant executed an antenuptial agreement. By the terms of the agreement each party relinquished all claims against the estate of the other, except that the decedent agreed to provide $10,000 of life insurance for the objectant’s benefit, which amount was to be reduced to $5,000 if the decedent should die or if the marriage should terminate in less than three years. The decedent on his part waived all claims against the estate of his prospective wife. The parties were married on April 15, 1951 and lived together as husband and wife until the decedent’s death in 1958. On May 15,1951, one month after the marriage, the decedent executed the alleged codicil to his will, in which he stated in substance that the antenuptial agreement contained the entire understanding between himself and his wife, and that the will executed in 1948 was ratified and confirmed in all respects. Upon his death the decedent left an estate having an estimated gross value of about $100,000.
It is apparent that if the antenuptial agreement is a valid contract, the widow has no standing to question the instruments offered for probate. She contends, however, that she had no adequate understanding of what she was signing; that she had no opportunity to consult a lawyer of her own choosing; that she had never seen the agreement before the date of its execution; and that she had no knowledge of the value of the decedent’s assets in spite of the provision in the agreement that “ the parties have entered into this agreement with full knowl *386 edge on the part of each as to the extent and value of the estate of the other ”. All of these propositions are strenuously disputed by the proponents.
It is unnecessary to review the testimony in detail. The court finds the facts as follows: Some four or five days before the antenuptial agreement was executed both the decedent and the objectant called at the office of the attorney who had drafted the agreement at the decedent’s request. Each was furnished with a copy of the proposed agreement and each left with a copy in his or her possession. They returned to the lawyer’s office on March 31, 1951. The objectant told the attorney she had read the agreement and understood it. He nevertheless proceeded to explain its purpose and effect, to discuss the nature of the decedent’s assets, and to propose that if the objectant wished to do so, she might take additional time to consider the matter and to consult a lawyer. The objectant expressed her satisfaction with the agreement and her willingness to sign, and the agreement was thereupon executed by both parties. The object-ant on her part made no disclosure to her prospective husband of her own financial means. The decedent apparently regarded his prospective .wife as a person in poor financial circumstances, but it developed at the hearing that at the date of the antenuptial agreement the objectant had substantial accounts in a number of savings banks. Her efforts as a witness to conceal these deposits did not commend her to the court and created a justifiable suspicion as to the truth of her testimony as a whole.
The court finds further that the objectant had an adequate opportunity to understand and did understand the nature of the agreement; that she was invited to consult a lawyer of her own selection, and declined the invitation; that there was an adequate disclosure of the decedent’s financial resources; and that the objectant was not the victim of unfair or overreaching conduct on the part of the decedent. A good deal of stress was laid upon the fact that at the time of the marriage the objectant resigned her civil service position, which would have made her eligible for a pension after eight .more years of service. It is a sufficient answer to this that she must have considered marriage, coupled with the assurance of at least $5,000 and more likely $10,000 in insurance money, as a satisfactory substitute.
The relationship between prospective spouses is a confidential one and antenuptial contracts which deprive the woman of her interest in the prospective husband’s estate are to be scrutinized with care. (Graham v. Graham, 143 N. Y. 573.) Such agreements are nevertheless enforcible when fairly made and executed without fraud or imposition. . (Pierce v. Pierce, 71 N. Y. 154.) *387 Their validity rests upon the facts of each particular case. (Matter of Scott, 173 App. Div. 270.) The agreement in the present case was not unfair to the wife. She contracted the marriage with full knowledge of the fact that the decedent wished to preserve his estate for his children. She was satisfied to rely upon the insurance provisions of the agreement as a measure of protection in the event of her husband’s death, and she already had assets of her own sufficient to protect her from destitution. Under these circumstances, the agreement should be enforced. (Matter of Baruch, 205 Misc. 1122, affd. 286 App Div. 869.)
The proponent having satisfactorily established the validity and enforcibility of such antenuptial agreement, the widow of decedent is not a distributee of decedent. The objections to the probate of such will are accordingly dismissed.
Settle order.