Christopher 0. McG-rath, S.
In this proceeding where the parties have stipulated all questions of fact to be set forth in the petition and the reply, the widow of the deceased asks the court to determine the validity and effect of her election under section 18 of the Decedent Estate Law. She also seeks a direction to the executors to set off to her the $1,000 exemption provided by subdivision 4 of section 200 of the Surrogate’s Court Act.
The executors and the special guardian of infant beneficiaries under the will resist the relief sought by the widow upon the ground that by an agreement in writing she duly waived any right to elect under section 18 of the Decedent Estate Law and any right to the statutory exemption under section 200 of the Surrogate’s Court Act.
*362 On October 31, 1952 the petitioner and the deceased entered into an antenuptial agreement and on November 30, 1952 they were married. Each had been married previously and each had children then living. The agreement insofar as material here provided:
“ 3. The second party (the decedent) hereby agrees to make the following provision for the first party (the widow) in the event that she shall survive the second party, to wit: He shall make the first party the primary beneficiary of a certain policy of life insurance issued by the Prudential Life Insurance Company upon his life, which policy is in the sum of $5,000.00. And the first party agrees that the aforesaid provision shall be in full satisfaction, payment and discharge of any and all claims that the first party may have as the second party’s widow or heir at law to an allowance or widow’s award or to any part of Ms real and/or personal estate or to any dower, homestead or any other right thereto.
“ 4. That in consideration of the said marriage the first party agrees that if she shall survive the second party she will malee no claim to any part or share of the real and/or personal estate of which the second party may die seized or possessed, except as hereinabove provided, and the first party hereby waives 'and relinquishes all claim to any allowance, dower, homestead, widow’s award or any other right in and to the real and personal estate of wMch the second party may die seized or possessed.
“5. It is further agreed that upon the death of either party the survivor hereby releases any allowance and waives Ms or her right of election as surviving spouse to take his or her share of the estate of the deceased as in intestacy.”
On June 16, 1955 the decedent executed a will which contained this provision among others: ‘ ‘ Third : I make no provision for my beloved wife, Ida Alpert Eisner, having previously executed together with her on October 31st, 1952 an antenuptial agreement. ’ ’
The life insurance policy referred to in paragraph 3 of the antenuptial agreement was in existence at the date of the execution of the said agreement. However, the named beneficiary at that time was Minnie Eisner, who was the predeceased wife of the decedent. When the testator died on June 29, 1958, the afore-mentioned policy of life insurance was still in effect and the named beneficiary therein was unchanged. It is conceded that the decedent had neglected to make the petitioner herein the named beneficiary of the life insurance policy in *363 question. It is 'also admitted, that the decedent’s estate has collected the proceeds thereof.
Because of the failure of performance by the decedent of paragraph 3 of the antenuptial agreement, the widow seeks to rescind that part of the agreement in which she waived her right of election and her statutory rights under section 200 of the Surrogate’s Court Act.
There is no claim in the pleadings on behalf of the widow that the agreement was the product of fraud, concealment or other imposition exercised upon her. The sole foundation for rescission of the agreement thus giving her a right of election is based upon the decedent’s failure to make her the beneficiary of an insurance policy pursuant to the terms of the antenuptial agreement.
Petitioner relies on Pierce v. Pierce (71 N. Y. 154), where a future wife, for $500 contracted to forego any claim to dower or any right to share in the personal estate of her future husband. However, in that case there was conclusive proof of fraud and deception on decedent’s part which induced the wife to enter into the premarital agreement. In Matter of Liberman (4 A D 2d 512, 517) the court said, “ It should be noted that at the time the Pierce case was decided (1877), antenuptial agreements were presumed to be invalid unless proven otherwise. Now, however, in view of the expression of public policy by the Legislature in amending section 18 of the Decedent Estate Law (L. 1930, ch. 174), that presumption no longer exists and a prenuptial agreement is presumed to be valid in the absence of proof of fraud, concealment or imposition (Matter of Phillips, [293 N. Y. 483]).”
It is the contention of the executors that the failure by the decedent to perform his promise as to the insurance policy was not vital to the agreement. They claim that this is borne out by the language of paragraph 4 of the agreement where it is stated clearly that the petitioner’s waiver was in consideration of the marriage. They further allege that the requirement by the decedent to make the petitioner the beneficiary of a $5,000 insurance policy was incidental to the main purpose of the antenuptial agreement. Without passing on the merits of the executors’ contentions as above set forth, and even if the court accepts the widow’s viewpoint that the breach by the decedent was vital to the agreement, nevertheless, in the absence of fraud, concealment or imposition, the widow cannot rescind the agreement. There can be no question that the widow has a cause of action for breach of contract for the decedent’s failure *364 to comply with the terms of the antenuptial agreement, but that problem is not within the province of this court.
To permit the petitioner to rescind the agreement for the reason advanced by her would be contrary to the established principle that a waiver to elect to take against a will which has been duly subscribed and acknowledged will not be set aside except for fraud, overreaching conduct, concealment or duress (Matter of Phillips, 293 N. Y. 483; Matter of Baruch, 205 Misc. 1122, affd. 286 App. Div. 869; Matter of Herrick, 177 Misc. 537; Matter of Wolozin, 194 Misc. 212, affd. 276 App. Div. 825; Matter of Cohen, 13 Misc 2d 384; Matter of Peltz, 14 Misc 2d 18).
The court accordingly holds that the petitioner has waived and released her right of election to take against the decedent’s will (Decedent Estate Law, § 18, subd. 9).
The remaining question with reference to the widow’s right to have set off to her the $1,000 exemption provided by subdivision 4 of section 200 of the Surrogate’s Court Act must also be determined adversely to her. An examination of the language contained in the antenuptial agreement discloses that the waiver contained therein is sufficiently broad to cover any rights which she may have had under subdivision 4 of section 200 of the Surrogate’s Court Act (Matter of Bloomingdale, 142 N. Y. S. 2d 781, 786; Matter of Driscoll, 12 Misc 2d 427).
The executors have informed the court that they have set aside the sum received from the life insurance company and are at all times ready and willing to pay the widow the proceeds of the policy in question. In view of the foregoing, there does not appear to be any necessity for her to resort to another forum for the enforcement of her rights.
Settle decree accordingly.