In the Matter of the Application for Discovery and Delivery of Property Withheld by CHARLES H. VAN BUREN and Others from the Estate of SARA DADE BYLES COMFORT, Deceased.

JESSIE F. COMFORT, Appellant; CHARLES H. VAN BUREN, Respondent.

Second Department, December 4, 1931.

*John L. Ketcham*, for the appellant.

*Ernest E. Wheeler*, for the respondent.

TOMPKINS, J. This is a discovery proceeding under section 206 of the Surrogate's Court Act (as amd. by Laws of 1924, chap. 100).

The amended petition of the appellant alleges that Sara D. B. Comfort died in May, 1929, leaving a last will and testament; that on the 28th day of October, 1929, letters testamentary thereon were issued to the petitioners; that the respondent Van Buren and Hubbard and Knobles were partners in a stockbrokerage business; that certain corporate securities and dividends and the proceeds thereof in the possession of the members of the said firm of Van Buren & Co., belong to the estate of the said Sara D. B. Comfort, and that the petitioners are entitled to possession thereof, but that the said firm of Van Buren & Co. unlawfully withholds said property and refuses to deliver the same to the petitioners.

Then follows a description in detail of the said personal property, and a statement of the circumstances in connection with their deposit by the testatrix as a pledge, collateral or margin to secure said firm as agents and brokers for Jessie F. Comfort, one of the petitioners, and subject to decedent's direction and disposition, and the petitioners ask for an inquiry and discovery of such matters under sections 205 and 206 of the Surrogate's Court Act (as amd. by Laws of 1924, chap. 100).

The answer to the amended petition interposed by Charles H. Van Buren denies that Hubbard or Knobles has any interest in the matters set forth in said amended petition, and denies that he or his firm has any corporate securities, shares of stock, or other personal property belonging to the petitioners or to the estate of said Sara D. B. Comfort. The answer admits that the certificates of stock referred to in said petition were deposited by the decedent as a pledge, collateral or margin, as alleged in the petition, and that the same were sold with the knowledge and approval of the said Sara D. B. Comfort, deceased, and at her direction, and that the said firm of C. H. Van Buren & Co. has at all times made claim to all of the rights of a pledgee as to the shares of stock referred to in the petition.

Upon these pleadings, the appellant made a motion in the Surrogate's Court for an order directing that the controverted questions of fact be tried by a jury. This motion was denied, and this appeal is from the order entered thereon; and the question before us is whether the petitioners are entitled to a jury trial of the issues of fact clearly presented by the amended petition and answer.

Section 68 of the Surrogate's Court Act provides in part as follows: " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial

by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same * * *."

It seems to me that under this section the petitioners are entitled, as a matter of right, to a jury trial of the controverted questions in this proceeding.

In *Matter of Wilson* (252 N. Y. 155) the court said: " Sections 205 and 206 of the Surrogate's Court Act as they now read are the result of a long and gradual development. They are derived from chapter 359 of the Laws of 1870, which applied to New York county only. Later the Code of Civil Procedure, by sections 2707 to 2710, inclusive, extended the practice to the whole State. The purpose of the enactment was to provide a summary mode of discovering and reaching specific property of a deceased in the possession of a third person, and to enable the personal representative of the deceased to obtain an order for its surrender. * * * In *Matter of Akin* (248 N. Y. 202), decided after the amendment of 1924, it appeared that a third party claimed, by reason of a gift, a certain bank account which had stood in the name of the deceased. In a discovery proceeding under sections 205 and 206, the third party did not file an answer, but appeared at the hearing and contested the right of the administrator to the possession of the bank account. The Surrogate found that the account belonged to the estate and directed the payment of the proceeds of the account to the administrator. It was urged that the Surrogate was without authority to make such a decree, as the issue was not raised by an answer which alleged title to the property. This court held otherwise and said: ' The Surrogate's Court has now jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian.' * * * The third party in such proceeding is not deprived of any constitutional right as section 68 of the Surrogate's Court Act gives the right to a jury trial in such proceeding. (*Matter of Heinze*, 224 N. Y. 1.) "

In *Matter of Nutrizio* (211 App. Div. 8), which was a discovery proceeding similar to the one at bar, the respondent appeared and answered, denying that he withheld any property, and alleging " that if he is in possession of any property which formerly belonged to the decedent, * * * the respondent is the owner of the title and of the right to possession thereto." The respondent in that case moved for a jury trial. The surrogate denied his motion, and on appeal to the Appellate Division of the First Department, Justice DOWLING, writing for the court, said: " The question

presented by this appeal is whether in the Surrogate's Court, in discovery proceedings, where a party has interposed an answer setting up title in himself to the property in question, has been examined therein, and on such examination has sworn to facts which demonstrate, and should satisfy the surrogate, that a genuine and *bona fide* issue of legal title to property exists, such party is entitled by constitutional rights to a jury trial of such issue of title. (See Const. art. 1, §§ 1, 2, 6.) "

Judge DOWLING reviewed the opinion of Surrogate FOWLER in *Matter of Silverman* (87 Misc. 571), which is cited by the respondent in support of the order now under review, and called attention to the fact that that case differed from the *Nutrizio* case in which he was writing, in that in the latter case an answer was interposed by the respondent which set up a claim of title, while the respondent in the *Silverman* case made no claim to ownership of the property involved. Surrogate FOWLER, in the *Silverman* case, wrote as follows: "As the answer does not allege title in the respondent, or right to possession of the bonds, it does not raise an issue of title under section 2676 [of the Code of Civil Procedure, now section 206 of the Surrogate's Court Act]. The answer alleges only that a third party claims an interest in or may be entitled to the bonds. This does not raise an issue of title between the petitioner and the respondent, and this court could not determine the title of the third party in this proceeding."

In this connection, we quote further from the opinion of Surrogate FOWLER in the *Silverman* proceeding: " I am also persuaded that where an issue of title appears on the face of the petition and answer in a discovery proceeding no right to trial by jury exists *ipso facto* at that stage of the proceeding. The state of the pleadings does not conclusively carry the right to trial by jury in this court. Here the discovery must proceed regularly, in the first instance, before the surrogate alone, and when he is satisfied, and not before, that there is a genuine and *bona fide* issue of legal title, by constitutional right heretofore triable by jury, then, and not before then, the parties have a right, in a case where they would have a constitutional right to a trial by jury in another court, to a trial by jury in the Surrogate's Court. The surrogate will, when that fact is established, in an orderly way and at a proper time to be appointed, present the issue of title to a common jury. Otherwise feigned issues might be brought surreptitiously in this court, and the regular common-law courts of the State might be deprived of their proper jurisdiction."

I again call attention to the fact that in the answer in the *Silverman* proceeding (*supra*) there was no claim of title on the part of

the respondent, and hence Surrogate FOWLER said: " Here the discovery must proceed regularly, in the first instance, before the surrogate alone, and when he is satisfied, and not before, that there is a genuine and *bona fide* issue of legal title, by constitutional right heretofore triable by jury, then, and not before then, the parties have a right  *  *  *  to a trial by jury."

In the case before us there is a " genuine and *bona fide* issue of legal title " to the property involved in this proceeding.

In *Matter of Nutrizio (supra)* Judge DOWLING, in referring to the *Silverman* case, which is the authority relied upon by the respondent in the case at bar, further said: " It should be noted that in *Matter of Silverman (supra)* the application for an order for a trial by jury was temporarily denied, as the answer did not allege title in the respondent therein, nor right of the possession of the bonds in question, and, therefore, it was held not to raise an issue of title. The answer in the proceeding now under review did, as has been shown, specifically raise the issue of title.

" The subsequent opinion of the same learned surrogate in *Matter of Callahan* (95 Misc. 438, 439), I do not deem as well considered as the one he rendered in *Matter of Silverman (supra)*.

" It is quite true that in its present form (as amended by chapter 100 of the Laws of 1924) section 206 of the Surrogate's Court Act purports to confer extensive equitable powers upon the surrogate in discovery proceedings. It reads as follows:

" ' *  *  *  If the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property which belonged to the decedent, or any property of the estate, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him, or if the estate property shall have been diverted or disposed of the decree may direct payment of the proceeds or value of such property or may impress a trust upon said proceeds or make any determination which a court of equity might decree in following trust property or funds. If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly.'  *  *  *

" But this does not destroy the basic facts that the primary purpose of the discovery proceeding is still inquisitorial (*Matter of Heinze, supra*); that its purpose of eliciting information as to the whereabouts of decedent's property is quite distinct from the recovery of such property; and that in the present proceeding its

inquisitorial nature is completely satisfied, since appellant has appeared, been examined, admitted possession of the property and claimed title thereto. This proceeding has, therefore, now become one to divest appellant of his alleged ownership of the bonds in question, to take them from his possession and to turn them over to the administratrix as assets of her estate. It is now to all intents and purposes an action in replevin, to recover possession of chattels, and that is its substance not to be altered by any incidental equitable relief granted by the statute. (*City of Syracuse* v. *Hogan*, 234 N. Y. 457.) The right to a trial by a common-law jury in such cases is a constitutional one.

"The additional matter added to the statute in 1924, while it enlarges the power of the court, does so as incidental to the determination of the main issue of title, by providing a remedy in case the property adjudged to have belonged to the estate should have been diverted or disposed of before the proceeding was brought or determined. This meets the defect declared to exist in the law in that regard in *Matter of Callahan* (*supra*).

"I reach the conclusion, therefore, that where in the Surrogate's Court a party has been served with an order for examination in discovery proceedings; has appeared and filed an answer setting up an issue of title; has been examined; and on such examination facts appear which should satisfy the surrogate that there is a genuine and *bona fide* issue of legal title; then the constitutional right of trial by jury exists, and the party's motion for such a jury trial should at once be granted."

It seems to me that the decision in the *Nutrizio Case* (*supra*) is controlling. The petition and answer in the case before us present issues of fact respecting the ownership of the property sought to be recovered by the petitioners, just as the pleadings did in the *Nutrizio* case. The decision in that case was followed in *Matter of Hamilton* (220 App. Div. 536), in which the Appellate Division of the Second Department said: "It will be observed that the construction given to the language of section 68 by the above decisions stands between these two extremes, and seems to limit its application to those cases and issues where, prior to the enactment of the statute, a party would have had a constitutional right to a jury trial in an action analogous to the proceeding in the Surrogate's Court in which the issue arose. The test most frequently applied seems to be whether the relief sought would be of legal or equitable cognizance. Another test is whether the issue involves the merits of the proceeding or is to be determined as a question preliminary to the trial on the merits."

In *Matter of Pritchard* (227 App. Div. 105) the court said: "It

would seem that in view of the nature of this controversy, appellant is correct in claiming that the committee, the Rochester Trust and Safe Deposit Company, is holding this stock as agent for appellant (if her contention be correct), and that this discovery proceeding, viewed generally, is ' to all intents and purposes an action in replevin.' (*Matter of Nutrizio*, 211 App. Div. 8, 13.) So, if the main issue were being tried, it should by analogy be tried by a jury, since a replevin action is thus triable as a matter of right. (Civ. Prac. Act, § 425, subd. 2.) And all issues immediately involved — including the separate issue now under consideration — would be thus triable. (*Pitcher* v. *Hennessey*, 48 N. Y. 415; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 id. 285.) \* \* \* It would seem, therefore, that the appellant is entitled to a jury trial (N. Y. Const. art. 1, § 2; Surr. Ct. Act, § 68), because the legal title to property is involved (*Matter of Fonda*, 201 App. Div. 780; *Matter of Nutrizio*, 211 id. 8, 11), and the merits may be finally determined. (*Matter of Hamilton*, 220 App. Div. 536, 539.) "

In *Matter of Fonda* (201 App. Div. 780) it was said: " We think that the affirmative answer of the appellant Milton P. Miller, wherein he asserted his own title to the property in question, under section 2676 [of the Code of Civil Procedure, now section 206 of the Surrogate's Court Act], invested the surrogate with power to try the issue, with a jury, if desired, or by consent, without a jury. (*Matter of Schwartz*, 87 Misc. Rep. 559; *Matter of Heinze*, 224 N. Y. 5, 6.) "

We can find no authority contrary to the doctrine expressed in the *Nutrizio* case and the others above cited, except the decision of Surrogate FOWLER, above referred to in *Matter of Silverman* (*supra*), and, as we have already pointed out, at the time that opinion was written there had been no claim made by the respondent that he was the owner and entitled to the exclusive possession of the property involved, and the preliminary investigation by the surrogate was to ascertain whether the respondent had a genuine or *bona fide* claim to legal title. No such preliminary inquiry is necessary in this proceeding. A claim of title is positively and unequivocally asserted by the respondent, and it would be a waste of time and serve no good purpose to have a preliminary inquiry or hearing before the surrogate.

In our opinion, it matters not whether the claim of title is presented during or after an inquiry by the surrogate, or whether it is raised in the proceeding by a verified answer. In either case, either party is entitled to a jury trial.

The order appealed from, in so far as it denies a motion for a jury trial, should be reversed upon the law and the facts, with ten dollars

costs and disbursements to appellant, payable out of the estate, and motion granted, with ten dollars costs; the issues for the jury to be framed by the surrogate. The appeal from the order denying motion for reargument should be dismissed.

LAZANSKY, P. J., CARSWELL, SCUDDER and DAVIS, JJ., concur.

Order of the Surrogate's Court of Queens county, in so far as it denies a motion for a jury trial, reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, payable out of the estate, and motion granted, with ten dollars costs; the issues for the jury to be framed by the surrogate. Appeal from order denying motion for reargument dismissed.