In the Matter of the Estate of JACOB ABEND, Deceased.

Surrogate's Court, Bronx County, June 27, 1941.

*Irving M. Radin*, for Molly Abend, as administratrix, etc.

*I. Charles Schwalb*, for Gerson Abend and Zelda Abend Albert, petitioners.

HENDERSON, S. In this proceeding brought under the provisions of section 206-a of the Surrogate's Court Act, to recover certain articles of personal property allegedly belonging to the petitioners, the administratrix has filed an answer wherein she denies the allegations of ownership and right to possession in addition to other denials not now material. The "respondent, as administratrix * * * admits possession and control" of the specified personalty. She asserts no affirmative defense nor counterclaim and prays that the petitioned relief be denied. With her answer she has duly demanded a trial by jury. Whether or not she is entitled as a matter of right to such a trial is the present question.

The main, if not the only issues raised by the pleadings are the disputed titles to the chattels and the denied right to the possession

thereof. The only relief sought by the petitioners is for a decree directing the administratrix to deliver the personalty in question to them.

This proceeding to compel the delivery of personal property is in effect an action in replevin. (See *Matter of Nutrizio*, 211 App. Div. 8, 13.) In that respect it is similar to a proceeding authorized by sections 205 and 206 of the Surrogate's Court Act, when an issue of title is raised therein. Unlike these sections, however, there is no provision in section 206-a for any inquisition. Hence the respondent's denial of the petitioners' allegation of ownership raises issues of title which the court must recognize without any preliminary inquiry. (See *Matter of Confort*, 234 App. Div. 19, 25.) The right to a jury trial in a replevin action to recover a chattel is a constitutional right (State Const. art. 1, § 2; Civ. Prac. Act, § 425, subd. 2; *Matter of Nutrizio, supra; Matter of Erlanger*, 136 Misc. 784, 787), and entitles the respondent in this proceeding to a trial by jury of the controverted questions of title and of right to possession. (Surr. Ct. Act, § 68. See *Matter of Wilson*, 252 N. Y. 155, 159; *Matter of Nutrizio, supra.*)

It has been held that the petitioner in a proceeding brought under the provisions of section 206-a, has no right to a jury trial therein. (*Matter of Leary*, 175 Misc. 254; affd., 260 App. Div. 1000; affd., 285 N. Y. 693.) If such a petitioner had proceeded in replevin or in conversion he would have enjoyed such right. (*Matter of Leary, supra*, p. 256.) When he chose the Surrogate's Court as his forum and a summary proceeding therein authorized by statute (Surr. Ct. Act, § 206-a; *Bradley* v. *Roe*, 282 N. Y. 525, 531, 534) as his procedure, he relinquished his right. His choice of forum, however, could not deprive the estate's legal representative of the latter's right to a trial by jury of the issues of title or right to possession arising therein. The representative has no recourse but to defend in the forum and proceeding selected by the petitioner.

The statute (Surr. Ct. Act, § 68) preserves the right to jury trial, not in particular cases, but " in any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, * * *." The controverted questions of fact arising in this proceeding are those of title and right to possession, and the administratrix-respondent has a constitutional right of trial by jury thereof. She is entitled to such a trial of the issues (*Matter of Ratz*, 249 App. Div. 624) and her demand is granted.

**Settle order framing issues.**