In the Matter of the Probate of the Will of ARTHUR J. BEATTY, Deceased.

Surrogate's Court, Suffolk County, May 11, 1954.

*Gross & Keck* for George A. Beatty, proponent.

*Glass & Lynch* for Eileen B. Westfield, contestant.

HAZLETON, S. The question with which we are concerned is: Can a contestant in a probate proceeding, who failed to timely file her demand for a jury trial be relieved of her omission and be permitted to file *nunc pro tunc* amended objections containing a demand for a jury trial. The objections without the demand for a jury trial were filed on April 12, 1954, and thereafter as soon as the mistake was discovered, the demand for a jury trial was filed on April 22d. Petitioner then moved to strike out the demand, while contestant countered with a motion to file amended objections *nunc pro tunc* as of April 12th, so as to include a demand for a jury trial.

The demand for a jury trial in a will contest is covered by section 147 of the Surrogate's Court Act alone. It is there provided that " if a jury trial of any issue is desired the same shall be demanded in the objections."

It is clear to me that contestant never wished to waive a jury trial, and that the failure to timely file the demand with the objections was due to lack of familiarity with the required procedure and inexperience of the attorney's assistant, who had been admitted to the Bar for only two years.

In the contention that the Surrogate, under section 68 of the Surrogate's Court Act, has the power to relieve a party who has inadvertently failed to timely demand a jury trial, I believe contestant is mistaken. Section 68 empowers the Surrogate in his discretion to order a jury trial in any proceeding in which a controverted question of fact arises, even though no jury trial has been demanded. Said section has nothing whatsoever to do with an incident such as the one under consideration, which arose out of inadvertence and mistake. Relief from such a situation, if relief there be, seems to be provided by section 105 of the Civil Practice Act, which is made applicable to proceedings in Surrogates' Courts by section 316 of the Surrogate's Court Act.

The strategy adopted to remedy the defect in making the demand for a jury trial by filing *nunc pro tunc* amended objections containing a demand, does not appeal to me. Demanding a jury is not an amendment to the objections. The objections remain the same. No new issue is created. Under a pretense of amending, contestant has demanded a right to which she is entitled only if she has complied with the statute. Anent this pretense, in the *Matter of Holme* (167 App. Div. 237, 240), the court said: " * * * were thereupon examined and the will admitted to probate. The order here appealed from was the

order of Surrogate Cohalan made on January 26, 1915, and filed *nunc pro tunc* as of January fifteenth permitting the contestant to file in lieu of the answer theretofore filed another one identical in terms except that it demanded a jury trial and ordered that the trial be had on the 1st day of February, 1915, of the controverted fact and that the order dated January 22, 1915, be respectfully referred to Mr. Surrogate Fowler.'' And at page 241: '' It is clear that the demand for a jury trial had not been seasonably made because it had not been demanded in the objections, and, therefore, it had been waived under the express provisions of the statutes quoted. To permit the withdrawal of objections from the files in order that the precise objections as made might be refiled with the addition of a demand for a jury trial, the time allowed for such demand having long since expired, was an obvious attempt to avoid the statute which is not to be approved.''

Granting I do not approve the cumbersome means contrived by contestant to remedy the mistake, nevertheless, cannot this court correct the error under the power given by the terms of section 105 of the Civil Practice Act? I believe it can, and it should. The right of a party to a contested probate proceeding to a trial by jury is a substantial right and not a dangling one, dependent upon a procedural slip by a law clerk at a time when the attorney in charge of the proceeding, as in this case, was actually engaged in a difficult trial. I choose to follow the language of our Appellate Division in *Schwartz* v. *Sunlight Apts.* (274 App. Div. 901): '' The facts show there was no intention to waive a jury trial and the failure to demand a jury trial was due to the inexperience of plaintiffs' attorney's assistant.''

The motion of petitioner to strike out the demand of contestant for a trial by jury is denied.

The countermotion by contestant to file objections containing a demand for a jury trial *nunc pro tunc* is denied.

Contestant is permitted to file her demand for a jury trial *nunc pro tunc* as of April 12, 1954, the precise time when her objections were filed.

Submit order accordingly on notice.