In the Matter of the Probate of the Will of ARTHUR J. BEATTY, Deceased. GEORGE A. BEATTY, Appellant; EILEEN B. WESTFIELD, Respondent.— In a contested probate proceeding the objections, that the propounded instrument was not duly executed and that it was procured by fraud and undue influence, were dismissed at the trial. On the single issue submitted to the jury it was found that at the time of the execution of the instrument the decedent did not possess testamentary capacity, and a decree was entered thereon dismissing the petition and denying probate to the instrument. Decree, insofar as appeal is taken (first, second and third decretal paragraphs) reversed on the law, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate's Court, Suffolk County, to enter a decree admitting the instrument to probate as the last will and testament of the decedent. The findings implied by the verdict are reversed. The evidence establishes without dispute that the testator had the capacity to and did understand the effect of the will and that it represents his desire in the disposition of his property. At the time of

the execution of the will the decedent was suffering an acute heart condition and was about to be taken to the hospital where he died some nine days later. All the positive evidence establishes his testamentary capacity and rationality at all times. There is no evidence to the contrary. The Surrogate should have directed the jury to answer the question in the affirmative. Appeal from order denying appellant's motion to strike out respondent's demand for a jury trial and granting respondent leave to file said demand *nunc pro tunc*, and appeal from order denying appellant's motion to set the verdict aside, dismissed, without costs. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur. [205 Misc. 962.]