## FOURTH DEPARTMENT, JUNE, 1964

## (June 11, 1964)

■ In the Matter of the Accounting of GENESEE VALLEY UNION TRUST COMPANY OF ROCHESTER, as Executor of STEPHEN E. COMSTOCK, Deceased, Respondent. RICHARD W. COMSTOCK et al., Appellants.— Order unanimously modified in accordance with the Memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: The order should be modified by deleting from it the words "deleting therefrom paragraph 1 (d) and paragraphs 4 and 5, and the references to paragraph 1 (d) as contained in paragraphs 2 and 3" and by adding thereto the following provisions: "Paragraph 1 (d) is amended to read as follows: The retention or disposition of the stock of General Foods Corporation and Lehman Corporation held by Genesee Valley Union Trust Company as Executor other than in the estate of Stephen E. Comstock. Names or identity of other estates need not be disclosed and records thereof may be duplicated under symbols rather than names. Paragraph 4 is amended to read as follows: Any rules adopted by Genesee Valley Union Trust Company and Marine Midland Trust Company which were in effect during the years 1961 and 1962 relating to conduct of Genesee Valley Union Trust Company as executor, administrator or trustee, with respect to (a) establishing the cash requirements of an estate and making provisions therefor and (b) the retention or sale of the stock of General Foods Corporation and Lehman Corporation during the period from December 15, 1961 to June 18, 1962 by Genesee Valley Union Trust Company as executor, adminis-

trator or trustee. Paragraph 5 is amended to read as follows: Statements of accounts, final or intermediate, filed by Genesee Valley Union Trust Company as executor or administrator in any court of record wherein is shown the retention and/or sale of the stock of General Foods Corporation and Lehman Corporation during the period from December 15, 1961 to June 18, 1962 and information as to such retention and/or sale by any estate (which may be designated by symbols rather than names) of which it was executor or administrator during that period." The matters specified in paragraph 4, as hereby amended, "may constitute an index of the care which is to be required under the circumstances, and * * * properly be considered by the triers of the fact in determining the general issue of whether reasonable care has been taken." (Danbois v. New York Cent. R. R. Co., 12 N Y 2d 234, 238; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.05.) The other evidence specified in the notice of examination as hereby amended is material and necessary in the prosecution of the objections and full disclosure thereof is required by CPLR 3101. "If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 'evidence material * * * in the prosecution or defense.'" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07.) (Appeal from part of an order of Wayne County Surrogate granting motion of executor to strike certain paragraphs from notice of examination before trial.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.