Harry Gr. Herman, S.
The issue before the court is whether the executors are entitled to a jury trial in a proceeding brought by them under section 211-b of the Surrogate’s Court Act to determine the validity of the claim.
*286 A review of the proceedings heretofore had is necessary to a resolution of this issue.
The decedent died on January 16,1964. His will was admitted to probate by this court on February 11, 1964. On September 22, 1964 Duplan of Canada, Limited, filed a petition herein, alleging a claim against the estate for 25,972 shares of stock of Consolidated Textile Mills Limited, allegedly purchased by the decedent, a director of the petitioner, on behalf of the petitioner under an agreement under which decedent was to receive payment of a sum equal to the cost of the shares with interest at 6% from the dates of purchase to the date of turnover of the shares to the petitioner. The petitioner prayed for an order directing the executors to turn over to it these shares upon payment pursuant to the alleged agreement.
The executors then filed an answer, denying the validity of the claim, alleging the decedent’s sole ownership of the stock, and alleging that the stock was sold with the consent of the petitioner, who agreed its claim would be limited to the approximately $160,000 profit, which is the difference between the selling price of said stock ($12 Canadian per share) and the purchase price (approximately $4 American per share) with interest thereon at &%. The executors demanded a trial by jury.
Thereafter the claim was assigned to the Duplan Corporation, which was substituted as the petitioner. The parties then stipulated, and an order thereon was filed, that the proceeding proceed as if it had been instituted by the executors under section 211-b of the Surrogate’s Court Act with the executors to file a petition thereunder and the claimant to file an answer, without prejudice to the demand of the executors for a trial by jury or to a motion by the claimant to strike the jury demand.
Before the court now is the motion to strike the demand for jury trial on the ground that the essence of the claim asserted is that the decedent had certain shares of stock in constructive trust, a claim in equity, and not one which is triable by a jury under CPLR 4101. No affidavit in opposition has been filed, but the parties have submitted memoranda of law.
Whether the executors are entitled to a trial by jury turns, upon whether the claim is based upon a cause actionable at law (N. Y. Const., art. I, § 2; CPLR 4101; Surrogate’s Ct. Act, §§ 67, 68, 69 -Matter of Garfield, 14 N Y 2d 251, 256). As Judge Bergan stated in Matter of Garfield (p. 258) where the Court of Appeals upheld the right of the executrix to a trial by jury:
“No equitable principles govern the jural relations between these claimants and the executrix. ’ ’
*287 Moreover, “ The right to a jury trial is determined by the facts alleged * * * and not by the demand for relief * * * where the plaintiff sets forth facts which entitle him to a judgment for a sum of money only, merely including in the demand for relief a prayer for equitable relief will not constitute a waiver of the right to a jury trial * * * Conversely, a party is not entitled to a jury trial as a matter of right where he pleads facts constituting an action in equity even though his demand for relief is for a sum of money only” (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 4101, p. 92).
What does the claimant seek? It first sought the shares themselves. It now seeks the difference between the selling price and the purchase price (plus 6%). Its theory is equitable in nature: that the decedent obtained no title to the shares through his purchase except one subject to a trust which was impressed on the proceeds when the stock was resold (Wendt v. Fischer, 243 N. Y. 439, 444).
The executors, however, urged that what the claimant really seeks is replevin, and that a replevin action is triable by jury as a matter of right (Matter of Pritchard, 227 App. Div. 105, 106; Matter of Comfort, 234 App. Div. 19; Matter of Abend, 176 Misc. 717). They urge that the question before the court is “ a genuine and bona fide issue of legal title to property ” (Matter of Nutrizio, 211 App. Div. 8,10) as to which there is a constitutional right to a jury trial.
However, as it was said in Allen v. Fox (51 N. Y. 562, 564-565): “ But in the action of replevin, the plaintiff seeks to recover the property, and is in all stages of the ease to final judgment in pursuit of that, and not its value * * * the
jury are required to assess the value of the property, and damages for its detention. The value here intended is the value at the time of the trial. In case the prevailing party can obtain a delivery of the property, he must take it as it then is; if he cannot obtain such delivery, then the value is intended as a substitute and precise equivalent of the property.”
The claim herein was to impress a trust upon the property, not for its value at the time of trial. The agreement of the parties under which the stock was sold did not change this. The claimant still does not seek the value of the stock at the time of trial. Its claim remains equitable in nature (see, also, 1 Pomeroy, Equity Jurisprudence [4th ed., 1918], §§ 174 — 189 ; 3 Pomeroy, §§ 1047-1048, 1051).
The motion to strike the demand for a jury trial is granted as a matter of law and in the exercise of the court’s discretion.