In the Matter of the Estate of SAUL SCHNEIER, Deceased. NATHAN FREIDMAN, Appellant-Respondent; MERCHANTS NATIONAL BANK AND TRUST COMPANY, Respondent-Appellant. (Appeal No. 1.)

In the Matter of the Estate of SAUL SCHNEIER, Deceased. NATHAN FRIEDMAN, Appellant; MERCHANTS NATIONAL BANK AND TRUST COMPANY, Respondent (Appeal No. 2.)

Fourth Department, April 8, 1980

## APPEARANCES OF COUNSEL

*Marc G. Terziev (Oot, Setright & Ciabotti [John Setright]* of counsel), for appellant and appellant-respondent.

*Hiscock, Lee, Rogers, Henley & Barclay* and *Jacob G. Schneier (Richard Kopek* of counsel), for respondent and respondent-appellant.

## OPINION OF THE COURT

WITMER, J.

The principal question presented in these appeals is whether petitioner, who instituted a proceeding in Surrogate's Court in the nature of a replevin action to recover specific certificates of corporate stock and other assets, formerly possessed by the testator and now in the hands of respondent as executor, is entitled to a jury trial of the issues raised by respondent's answer. The Surrogate granted respondent's motion to vacate petitioner's demand for jury trial; and we reverse.

Petitioner instituted this proceeding pursuant to SCPA 2105, subdivision 1 of which provides, "A person having a claim to specific money or personal property or the proceeds thereof alleged to be in the possession of or under the control of a fiduciary may present to the court from which letters were

issued to the fiduciary a petition showing the facts and praying that the fiduciary be required to show cause why he should not be required to deliver the specific money or personal property or the proceeds thereof."

Subdivision 3 of that section provides, "Upon return of process the court must hear the proofs of the parties, determine the issues, and if claim shall have been made to the money, property or the proceeds thereof by a person or persons other than the fiduciary, the court shall determine the respective interests of the parties in the property or the proceeds or value thereof and make a decree accordingly."

Under claim of ownership petitioner seeks to recover specific property held by respondent, and his action is recognized as one in the nature of replevin, an ancient common-law action traditionally tried before a court and jury (see *Matter of Garfield,* 14 NY2d 251, 258, 262; *Bullis v Montgomery,* 50 NY 352; *Matter of Comfort,* 234 App Div 19; 7 Carmody-Wait 2d, NY Prac, §§ 49:13, 49:20; and 12 Carmody-Wait 2d, NY Prac, §§ 82:6, 82:149; 1 B Warren's Heaton on Surrogates' Courts, § 108). SCPA 502 (subd 1) provides in part, "Right to jury trial. A party is entitled to trial by jury in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury". Section 2 of article I of the New York Constitution, adopted in 1938, guarantees "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision". In *Matter of Luria* (63 Misc 2d 675, 677) former Surrogate NATHAN R. SOBEL wrote, "The net effect of this * * * provision was to continue under the constitutional guarantee all common-law rights to jury trial prior to 1777 and all such statutory rights enacted prior to 1894. Excluded however from the guarantee were all new statutory rights to jury trial enacted between the years 1894 to 1938."

Discovery proceedings by an estate fiduciary were authorized in 1870 (L 1870, ch 359; now SCPA 2103 and 2104) and in such proceedings, if the issue of title was raised, the fiduciary was entitled to jury trial *(Matter of Wilson,* 252 NY 155, 159). Statutory provision for a claimant to institute an action or proceeding in the nature of replevin in Surrogate's Court was not enacted until 1934 (L 1934, ch 539; now SCPA 2105). Such provision was held to derive from the equitable powers of the court with respect to fiduciaries *(Matter of Leary,* 175 Misc 254, 255, affd *sub nom. Matter of Werner v*

*Reid,* 260 App Div 1000, affd 285 NY 693), and was sometimes referred to as a "reverse" discovery proceeding and was deemed summary in nature. Because it was enacted after the Constitution of 1894, it was held not to give a constitutional right of trial by jury *(Matter of Boyle,* 242 NY 342; *Matter of Leary, supra;* 7 Carmody-Wait 2d, NY Prac, § 49:13).

A party seeking to assert a claim in the nature of replevin *(Matter of Nutrizio,* 211 App Div 8, 13) against an estate fiduciary, however, could bring his action in a court of law, wherein he was entitled to trial by jury *(Matter of Garfield,* 14 NY2d 251, 258, 262; 7 Carmody-Wait 2d, NY Prac, § 49:20; 12 Carmody-Wait 2d, NY Prac, § 82:149). Thus existed the anomalous situation in which a jury trial could be had in replevin actions or proceedings brought in Supreme Court by or against an estate fiduciary whereas in Surrogate's Court it could be had by an estate fiduciary against a third party but not by a claimant against an estate fiduciary.

It had long been the rule that when a plaintiff, entitled to a jury trial in a legal cause of action, joined with it an equitable cause of action he thereby waived his right to a jury trial in the legal cause of action *(Di Menna v Cooper & Evans Co.,* 220 NY 391, 395). This principle was used to support the holding of a waiver of the right to jury trial by a claimant who sued an estate fiduciary in replevin in a court of equity, that is, the Surrogate's Court. The principle, however, was found not to work both ways; and in *Matter of Garfield* (14 NY2d 251, *supra)* the court, speaking through Judge BERGAN, held that a claimant against an estate fiduciary could not deprive the latter of a jury trial by suing his claim in Surrogate's Court on a cause of action in which a party was entitled at common law to a jury trial. In such holding the court merely recognized that because the fiduciary was readily subject to the jurisdiction of the Surrogate's Court did not mean that he could be deprived of his right to jury trial with respect to a cause of action as to which the Constitution guaranteed such right. This led the court to express another principle which destroyed the basis for the holdings in earlier cases that a claimant against an estate fiduciary was not entitled to a jury trial in Surrogate's Court in a cause of action constitutionally protected by the right to jury trial. The court stated that "the Legislature [could not] deprive a party who would have had a right to jury trial at common law of such right by authorizing a court of equity to take jurisdiction *(People ex rel. Lemon v.*

*Elmore,* 256 N. Y. 489, 493; *Hudson v. Caryl,* 44 N. Y. 553)." *(Matter of Garfield, supra,* p 258).

Such ruling in *Garfield (supra)* turned the vital inquiry from the nature of the court (that is, was it principally concerned with the trial of equitable issues?) to the nature of the cause of action (that is, was it one in which the Constitution guaranteed the right to jury trial?). In his brief concurring opinion in *Garfield* Judge SCILEPPI pinpointed the basis of the decision when he wrote "If the claim were sued on in the Supreme Court, the parties would be entitled to a jury trial; why not so in this case?" The practical wisdom of the *Garfield* ruling is even more evident today in light of the determination of Chief Judge COOKE and Chief Administrative Judge EVANS to make all Judges of courts of record subject to transfer to any court where case congestion exists. The question is not, what "hat" the particular Judge is wearing, that is, is he sitting in a court of law or equity, but what is the nature of the claim and cause of action presented, that is, does the Constitution guarantee a trial by jury as to it? In *Matter of Luria* (63 Misc 2d 675, 679-682, *supra)* Surrogate SOBEL with penetrating analysis pointed out the significance of the *Garfield* decision. Prior to *Garfield,* in several decisions the courts recognized that in an action sounding in replevin either party was entitled to a jury trial, even in Surrogate's Court *(Matter of Comfort,* 234 App Div 19, 25, *supra; Matter of Pritchard,* 227 App Div 105, 106; *Matter of Nutrizio,* 211 App Div 8, 13, *supra).* In *Matter of Comfort,* the court wrote (p 25) "it matters not whether the claim of title is presented during or after an inquiry by the Surrogate [in a prior discovery proceeding], or whether it is raised in the proceeding by a verified answer. In either case, either party is entitled to a jury trial." Nevertheless, prior to *Garfield* the general holdings were that a claimant against an estate fiduciary was not entitled to a jury trial in Surrogate's Court but if the fiduciary demanded a jury, he was entitled to one (see *Matter of Abend,* 176 Misc 717, 718).

As a matter of statutory construction it should be ruled that a jury trial on an issue of title in a proceeding under SCPA 2105 may not be denied. As above noted, when the issue is reached in a proceeding instituted by the estate fiduciary for discovery under SCPA 2103 and 2104, either party is entitled to jury trial. By SCPA 1810 the Legislature provided for actions by a claimant against an estate fiduciary to be brought in courts other than the Surrogate's Court, in which other

courts a jury trial may be had, but if the fiduciary has rejected the claim, such action may only be maintained if brought within 60 days after such rejection. The effect of such provision, literally interpreted in conjunciton with SCPA 2105, is to deny a claimant the right to jury trial in a replevin claim sought to be pursued after the expiration of the 60-day period, unless a jury trial is permitted under SCPA 2105. It cannot be said that the Legislature has merely enacted a 60-day Statute of Limitations with respect to such claims, because the statute only deprives the claimant of the right to jury trial thereafter and permits prosecution of the claim. Since the courts allow the *fiduciary* to have a jury trial whether he institutes the proceeding or defends it, irrespective of when or in what court the claim is made (see *Matter of Garfield,* 14 NY2d 251, *supra; Matter of Wilson,* 252 NY 155, 159, *supra; Matter of Comfort,* 234 App Div 19, 25, *supra),* an interpretation of SCPA 1810 and 2105 as denying jury trial to a claimant in a replevin proceeding against the fiduciary would be construing them to effect an unequal (as between fiduciary and claimant) and unconstitutional result and would be in contradiction of SCPA 502 (subd 1) quoted above. The reasonable construction of SCPA 2105, therefore, is that with respect to an issue of title presented in such proceeding a claimant is entitled to a jury trial. Such construction renders it consistent with SCPA 502 (subd 1) and avoids the question of unconstitutionality.

In the few cases which have arisen since the *Garfield* decision the courts have recognized its reach and have in effect adopted this construction (see *Matter of Ruggiero,* 51 AD2d 969; *Matter of Pfusch,* NYLJ, Sept. 23, 1977, p 6, col 1; *Matter of Wisniewski,* 88 Misc 2d 76; *Matter of Luria,* 63 Misc 2d 675, *supra).* Assuming, therefore, that the right of jury trial in Surrogate's Court exists in this case, the question remains whether petitioner made timely demand therefor under SCPA 502 (subd 2, par [a]), which provides that the demand must be made within six days after service of the answer; and even if such demand were not made, whether in view of CPLR 4102 (subd [e]) the Surrogate erred in granting the motion to strike the demand for jury trial.

The petition was originally served herein in January, 1974. Respondent answered in February, 1974 and served an amended answer in March, 1977. Because of an appeal in the matter of probate of testator's will *(Matter of Schneier,* 50 AD2d 715) and our concurrent decision with respect to an

examination before trial which was stayed until the conclusion of the probate proceeding *(Matter of Schneier, supra,* p 716), activity in this proceeding was delayed. In the fall of 1978 upon petitioner's motion the Surrogate ordered that petitioner serve an amended petition, which he did on November 1, 1978, and respondent answered the next day. On November 6, 1978 petitioner served his demand for jury trial.

Petitioner asked leave to serve an amended petition after his discovery proceedings gave him fuller knowledge of the items of assets which he claimed. The amendment was by no means a subterfuge to reinstate the running of the six-day period, and in this respect *Matter of Beatty* (205 Misc 962, mod on other grounds 285 App Div 1149, affd 309 NY 981), relied upon by respondent, is distinguishable. The demand was, therefore, timely. Moreover, lacking any showing of prejudice to the respondent, under the circumstances of this case the court abused its discretion under CPLR 4102 (subd [e]) in not denying the motion to strike the demand.

Finally, we consider the appeal and cross appeal from the order granting respondent's motion for a protective order against petitioner's demand for examination before trial of William B. Ogden, III, and denying the motion with respect to David H. Walsh, III, and Douglas P. Cagwin.

The Surrogate granted the motion with respect to Mr. Ogden on the ground that his examination before trial in connection with the will contest gave petitioner all the information that he needs in this proceeding. All three of these gentlemen were employees and officers of respondent bank through whom respondent acted. Petitioner contends that in some respects they have taken contradictory positions, and he seeks to ascertain the reason for it before going to trial. The essential issue upon which Mr. Ogden was previously examined was quite different from the one now presented. CPLR 3101 (subd [a]) provides for full disclosure, and the courts are admonished to construe it liberally. " 'If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered "evidence material * * * in the prosecution or defense." ' (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07.)" *(Matter of Comstock,* 21 AD2d 843, 844.) We think that the Surrogate was correct in denying respondent's motion for a protective order with respect to Messrs.

Walsh and Cagwin but that the court erred in granting the motion with respect to Mr. Ogden.

Accordingly, the order granting the motion to strike the demand for jury trial should be reversed and the motion denied; and the order with respect to the motion for a protective order should be modified to reverse it insofar as it granted the motion concerning William B. Ogden, III, and the motion should be denied with respect to him, and otherwise the order should be affirmed.

HANCOCK, JR., J. P., SCHNEPP, CALLAHAN and DOERR, JJ., concur.

Appeal No. 1—Order unanimously modified, and, as modified, affirmed, with costs to petitioner, in accordance with opinion by WITMER, J.

Appeal No. 2—Order unanimously reversed and motion denied.