[632 NYS2d 728]

CLARENCE ROBINSON, Respondent, v KELLY A. MECA, Appellant.

Third Department, October 26, 1995

## APPEARANCES OF COUNSEL

*Mary A. Bjork,* Albany *(Louise E. Dunn* of counsel), for appellant.

*Schur & McAuliffe,* Northville *(J. Gerard McAuliffe, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

CARDONA, P. J.

This negligence action arose out of an accident which occurred on the evening of May 4, 1990, when a car driven by defendant apparently collided with plaintiff as the latter attempted to cross a street. After issue was joined, defendant moved for a protective order to, *inter alia,* excuse her from submitting to an eye examination and from divulging certain optical records requested by plaintiff. Plaintiff cross-moved for an order compelling defendant to comply with plaintiff's discovery requests. Supreme Court denied defendant's motion and granted plaintiff's cross motion.

Defendant argues in her appeal that Supreme Court erred in directing the eye examination; she claims that the condition of her vision has not been placed in controversy and, therefore, she cannot be compelled to submit to discovery. We agree and, accordingly, Supreme Court's order must be modified to that extent.

Pursuant to CPLR 3121, a trial court may compel discovery of a party's physical condition once it has determined that such condition has been placed in controversy *(see, Dillenbeck v Hess,* 73 NY2d 278, 286-287; *see also, Hoenig v Westphal,* 52 NY2d 605, 609-610; *Schnobrich v Schnobrich,* 198 AD2d 850). It is true that it is not required that the status of a party's physical condition be raised in the pleadings; statements made at an examination before trial have been held to be sufficient *(see, Koump v Smith,* 25 NY2d 287, 295). There is, however, a burden on the moving party to produce sufficient information to satisfy the court that the party's physical condition has been placed in controversy *(see, supra,* at 300).

Our review of the record herein discloses that plaintiff has not sufficiently demonstrated that the acuity of defendant's eyesight is in controversy so as to warrant her having to submit to an eye examination. First of all, upon this record, plaintiff did not place the question of defendant's eyesight into controversy and, therefore, the question is whether defendant herself placed this issue in controversy. In order to have done so, defendant must have asserted her "mental or physical condition either by way of counterclaim or as a defense to * * * plaintiff's claim" *(supra,* at 295). Defendant did not do so in this case. The fact that she stated at her examination before trial that she had not seen plaintiff prior to the accident did not affirmatively place her eyesight into controversy. Furthermore, her responses to questions regarding when she had been prescribed corrective lenses did "not spell out an affirmative showing that defendant['s] * * * vision was * * * defective * * * [or that her] physical condition is really and genuinely in controversy" *(Courtney v Olsen,* 45 Misc 2d 283). Finally, the possible existence of a prior eye examination showing that a party was prescribed lenses at a previous point in time does not serve to make that party's eyesight a matter of controversy. Defendant, therefore, under the circumstances of this case, is not required to submit to an eye examination.

■ We turn next to the question of whether Supreme Court properly ordered disclosure of defendant's optical records. Initially, we note that because the practice of optometry is distinct from the practice of medicine *(compare,* Education Law § 6521, *with* Education Law § 7101), the records of optometrists are not protected by the physician/patient privilege *(cf.,* CPLR 4504 [a]; *see, Boothe v Weiss,* 107 AD2d 730, 731). Defendant contends that such records are still not obtainable because defendant did not place her eyesight into controversy.

We disagree. The question of whether a party should be compelled to turn over medical records or submit to a physical examination is different from whether a party should be required to supply other materials *(compare,* CPLR 3101, *with* CPLR 3121).* Where the material is not privileged, the question is whether the requested documents are "material and necessary" (CPLR 3101 [a]). CPLR 3101 (a) has been liberally interpreted and the "stress [is] on broad disclosure" *(Sands v News Am. Publ.,* 161 AD2d 30, 36).

Here, at her examination before trial, defendant's testimony indicated that she had not been prescribed corrective lenses prior to the accident at issue. Plaintiff contends that the requested documents will show to the contrary. In our view, the records are relevant at least to the issue of defendant's credibility. Information sought in good faith for possible use as evidence-in-chief, in rebuttal or for cross-examination should be considered material in the prosecution or defense of the case *(see, Matter of Schneier,* 74 AD2d 22; *Matter of Comstock,* 21 AD2d 843). Furthermore, for the information to be necessary it is not required that it be indispensable but only that it be needful *(see, Avco Sec. Corp. v Post,* 42 AD2d 395). The fact that the material may later be ruled inadmissible does not foreclose disclosure *(see, Shutt v Pooley,* 43 AD2d 59). Supreme Court, therefore, properly held the optometry records to be discoverable.

Defendant's remaining arguments on appeal have been considered and rejected for lack of merit.

MIKOLL, MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion to compel defendant to submit to an eye examination and denied defendant's motion for a protective order to excuse her from submitting to such an exam; cross motion denied to that extent and motion granted to that extent; and, as so modified, affirmed.