■ In the Matter of the Estate of ANTHONY RIVARA, SR., Deceased. VERONICA RIVARA, Respondent; ANTHONY RIVARA, JR., Appellant. [785 NYS2d 469]—

In a proceeding, inter alia, pursuant to SCPA 2105, for a decree directing Anthony Rivara, Jr., as executor of the estate of Anthony Rivara, Sr., to amend his application for preliminary letters testamentary to omit the capital stock in Rivara's Shipyard, Inc., and Rontone Sales, Inc., and to enjoin him from selling, transferring, or otherwise interfering with the petitioner's interest in the stock, Anthony Rivara, Jr., appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated January 21, 2004, which denied his motion to strike the petitioner's demand for a jury trial.

Ordered that the order is reversed, on the law, with costs, payable by the respondent personally, the motion is granted, and the demand for a jury trial is stricken.

The petitioner commenced this proceeding, inter alia, pursuant to SCPA 2105, for a decree directing Anthony Rivara, Jr., as executor (hereinafter the executor) of the estate of Anthony Rivara, Sr., to amend his application for preliminary letters testamentary to omit the capital stock in Rivara's Shipyard, Inc., and Rontone Sales, Inc. (hereinafter the Corporations), and to enjoin him from selling, transferring, or otherwise interfering with the petitioner's interest in the stock. The executor moved to strike the petitioner's demand for a jury trial on the ground that she was not entitled thereto as the relief she

sought was equitable in nature. The Surrogate's Court denied the executor's motion. We reverse.

A proceeding pursuant to SCPA 2105 is derived from the equitable powers of the Surrogate's Court with respect to fiduciaries (*see Matter of Schneier,* 74 AD2d 22, 24-25 [1980]; *Matter of Leary,* 175 Misc 254, 255 [1940], *affd* 260 App Div 1000 [1940], *affd* 285 NY 693 [1941]). A petitioner in such a proceeding may nevertheless be entitled to a trial by jury where the relief sought is of the type that might otherwise be obtained in an action at law as, for example, where the petitioner seeks only the return of property, and the proceeding is therefore akin to one in the nature of replevin (*see Matter of Schneier, supra* at 24; *cf. Matter of Johnson,* 46 Misc 2d 285 [1965]). In this case, the petitioner did not seek to compel the return of stock certificates, but rather to enjoin the executor from taking certain actions incompatible with her claimed ownership interest in the Corporations (*cf. Lynch v Metropolitan El. R. Co.,* 129 NY 274 [1891]). Accordingly, because the petitioner's claim sounds in equity, she was not entitled to a jury trial. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur. [*See* 2004 NY Slip Op 51504(U).]