OPINION OF THE COURT
Scott Fairgrieve, J.
*617 The defendant moves for an order pursuant to CPLR 3042 (c) compelling the plaintiff to respond to the defendant’s demand for a bill of particulars and for an order pursuant to CPLR 3124 compelling the plaintiff to produce a witness for examination before trial, or, in the alternative, to strike the plaintiff s pleadings for noncompliance. The plaintiff opposes the defendant’s motion.
The defendant’s motion to strike the plaintiffs complaint for plaintiffs failure to respond to the defendant’s demand for a bill of particulars is denied as moot, as the plaintiff has since answered the defendant’s bill of particulars. Moreover, contrary to the defendant’s assertion in its reply affirmation, the court finds said responses to be sufficient.
The defendant also seeks to dismiss the plaintiffs complaint upon the failure of the plaintiffs treating physician to appear for an examination before trial (EBT).
The court has broad discretion in limiting or regulating the use of disclosure devices (see, Brignola v Pei-Fei Lee, M.D. P.C., 192 AD2d 1008 [3d Dept 1993]).
UDCA 1101 (a) requires that the Nassau County District Court adopt all of the procedures set forth in the CPLR with regard to disclosure.
CPLR 3101 states, in pertinent part, that:
“(a) Generally. There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
“(1) a party, or the officer, director, member, agent or employee of a party;
“(2) a person who possessed a cause of action or defense asserted in the action . . . .”
Accordingly, pursuant to CPLR 3101 (a), in the Nassau County District Court there shall be “full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” (Emphasis added.) The words “material and necessary” should be interpreted liberally to “require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test [to determine if the information sought is material and necessary] is one of usefulness and reason” (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see also U.S. Ice Cream Corp. v Carvel Corp., 190 AD2d 788 [2d Dept 1993]). The term *618 “necessary” has been construed to mean “needful” rather than “indispensable” (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 407 [1968], supra). “If there is any possibility that the information [was] sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered ‘evidence material ... in the prosecution or defense’ ” (Matter of Comstock, 21 AD2d 843, 844 [4th Dept 1964]). However, the Allen case makes clear that disclosure extends to all relevant information calculated to lead to relevant evidence not just information that can be used as evidence-in-chief (see, CPLR 3101; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:7, at 18, citing West v Aetna Cas. & Sur. Co., 49 Misc 2d 28 [1965], mod 28 AD2d 745 [3d Dept 1967]; see also Wiseman v American Motors Sales Corp., 103 AD2d 230 [2d Dept 1984]). “If the data elicited is within the broad scope of CPLR 3101 (a) as construed in the Allen case, the excursion should be called a ‘relevant inquiry’. That would leave [the term] ‘fishing expedition’ to describe the inquiry that goes beyond that extended compass” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:8, at 19). Furthermore, matters relating to disclosure lie within the broad discretion of the trial court, as it is in the best position to determine what is material and necessary (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968], supra; see also, Andersen v Cornell Univ., 225 AD2d 946 [3d Dept 1996]).
Applying the principles established in the Allen case to the issue of an insurance carrier’s right to an EBT of a medical provider in a no-fault case, the court finds that, provided certain conditions are met by an insurance carrier, the carrier is entitled to an EBT of a medical provider. The Court of Appeals has clearly held that, pursuant to the no-fault regulations, in a case in which no additional verification is timely sought, an insurance carrier must pay or deny a claim of no-fault benefits within 30 days from the receipt of a claim or be precluded from interposing a defense to the denial of the claim, with limited exceptions (see, Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]). In the case of a defense of “medical necessity,” the courts have held an insurance carrier is precluded from raising a defense of “medical necessity” where the denial was not timely and that summary judgment in favor of the medical provider is appropriate in such situations, provided the plaintiff submits proper proof of the claim and the *619 amount of the loss (see, Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997], supra; Howard M. Rombom, Ph.D., P.C. v Interboro Mut. Indent. Ins. Co., 186 Misc 2d 847 [App Term 2000]). Thus, when the insurance carrier has failed to issue a timely denial, no further discovery, which includes an EBT of the medical provider, is permissible on any defense, except if the insurance carrier’s defense falls within limited exceptions. The limited exceptions set forth in the Presbyterian case are where untimely denials are of no consequence because the insurer is not required to pay the claim and where the claim is ultimately deemed invalid (see, Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997], supra). Such situations include, inter alia, fraud and a lack of coverage defense based upon a belief that the alleged injury does not arise out of the insured accident (see, Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [2d Dept 1999]).
If an insurance carrier has made a timely denial, based upon “medical necessity,” then its objective in seeking an EBT of the medical provider is not a means of harassing the medical provider, but rather the insurance carrier is trying to obtain relevant information on its defense of “medical necessity.” Certainly in cases where an insurance carrier timely denied the no-fault claim, based upon the ground of “medical necessity,” the carrier is entitled to explore why the medical provider or treating physician determined the treatment to be necessary. However, if an insurance carrier seeks an EBT of a medical provider, to inquire about the “medical necessity” of the treatment provided to the plaintiffs assignor, when the insurance carrier has failed to timely deny the medical provider’s claim, such failure will preclude an EBT of plaintiff and any other defenses not raised. The defendant must satisfy the following standard expressed in Socrates Psychological Servs., P.C. v Progressive Cas. Ins. Co. (7 Misc 3d 642, 654 [Civ Ct, Queens County 2005]) which, in relying on Metropolitan Radiological Imaging, P.C. v State Farm Mut. Auto. Ins. Co. (7 Misc 3d 675 [2005]), stated:
“[T]he lodestar for determining a no-fault first-party benefits case is the denial of claim, the NF-10. To avoid a plaintiffs successful motion for summary judgment, an insurer must state, with a high degree of specificity, in its NF-10, any applicable defense, except for fraud (presently defined only as a staged *620 accident) or lack of coverage, and must stand or fall upon those defenses. If not raised in a timely fashion and with specificity, those defenses will not be entertained later, no matter how meritorious they may be in substance (Metropolitan Radiological, [7 Misc 3d 675] [2005], supra [citing cases]; see, Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92 [App Term, 2d Dept 2004]; Socrates Psychological Servs., P.C. v Lumbermans Mut. Cas. Co., 4 Misc 3d 130[A], 2004 NY Slip Op 50690[U] [App Term, 1st Dept 2004] [per curiam]).”
The court in Metropolitan Radiological continued that the NF-10 is the only appropriate yardstick for measuring a discovery device’s propriety, not a perusal of any number of the “separate and complete” or “separate and distinct” affirmative defenses contained in the defendant insurer’s answer. The court stated:
“In none of the six motions did the movant attach a copy of a denial of claim, the NF-10, or a timely demand for verification. Interestingly, each insurer’s counsel appended the pleadings, including its answer so as to demonstrate, seemingly and superficially, that the demanded discovery of information and documents must surely come within some affirmative defenses contained therein. The discussion above, however, highlights that what is essential is not some invocation of a defense or the inclusion of an answer containing numerous affirmative defenses, but proof that a particularized defense was stated in a denial of claim with a high degree of specificity and was done so timely . . .
“Review of the NF-10 is indispensable; it is the appropriate yardstick for measuring the legitimacy of the demanded discovery.” (Metropolitan Radiological, 7 Misc 3d at 679.)
The reasoning of Metropolitan Radiological applies equally to the present situation of the appropriate scope of an EBT. This court holds that, apart from eliciting appropriate pedigree and background information of the witness, the subject matter of a deposition in a no-fault first-party benefits case is to be limited to the defenses that were specifically raised in the NF-10. The four corners of the denial of claim form, the NF-10, and defenses there stated with a high degree of specificity (General Acc. *621 Ins. Group v Cirucci, 46 NY2d 862, 864 [1979] [per curiam]) should yield the examining attorney at an EBT with sufficient and fertile avenues of disclosure.
In the instant case, neither party addresses the issue of whether the defendant has issued a timely denial and the basis for denial of plaintiffs claim.
Accordingly, the defendant’s motion is denied.