■ In the Matter of the Estate of Elizabeth O. Velie, Deceased. Edward C. Velie, Jr., Respondent; Christine B. Wilcox et al., Appellants. (Appeal No. 1.) [878 NYS2d 926]—Appeals from a decree of the Surrogate's Court, Niagara County (Peter L. Broderick, Sr., S.), entered October 25, 2007. The decree, insofar as appealed from, restrained certain accounts and directed the filing of an accounting by respondent Christine B. Wilcox.

Appeals and cross appeal from an order of the Surrogate's Court, Niagara County (Peter L. Broderick, Sr., S.), entered December 4, 2007. The order, among other things, granted in part those parts of petitioner's motion seeking summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and by granting a jury trial and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to SCPA 2103 seeking discovery and delivery of certain assets that allegedly belonged to the estate of petitioner's mother (decedent). Respondent Christine B. Wilcox (decedent's daughter) contends on appeal that Surrogate's Court erred in granting that part of petitioner's motion seeking summary judgment with respect to an investment account. We agree, and we therefore modify the order accordingly. Even assuming, arguendo, that petitioner is correct in "conceding" that the presumption set forth in Banking Law § 675 (b), i.e., that the parties to a joint account intended to create a joint tenancy, applies to the account in question, we conclude that petitioner failed to meet his burden of rebutting that presumption. Petitioner failed to establish that the account was created for convenience only (see Matter of Friedman, 104 AD2d 366, 367 [1984], affd 64 NY2d 743 [1984]; Matter of Richichi, 38 AD3d 558, 559 [2007]; Matter of Camarda, 63 AD2d 837, 838 [1978]), or that the account was created as the result of fraud, undue influence, or decedent's lack of capacity (see Matter of Kleinberg v Heller, 38 NY2d 836, 840 [1976]; Matter of Stalter, 270 AD2d 594, 595-596 [2000], lv denied 95 NY2d 760 [2000]).

We also agree with decedent's daughter on appeal that the Surrogate erred in denying her request for a jury trial, and we therefore further modify the order accordingly. When an issue of title "is reached in a proceeding instituted by the estate fiduciary for discovery under SCPA 2103 and 2104, either party is entitled to a jury trial" (Matter of Schneier, 74 AD2d 22, 26 [1980]). We conclude that the Surrogate erred in determining that the request for a jury trial was untimely. Although decedent's daughter did not request a jury trial in her answer to the petition, she did so in her answer to the amended petition (see generally id. at 27-28). We have considered the remaining contentions of respondents on appeal and conclude that they are without merit.

Contrary to the contention of petitioner on his cross appeal, the Surrogate properly denied that part of his motion seeking summary judgment with respect to withdrawals by decedent's daughter from an M&T checking account. Although petitioner is correct that the power of attorney granted to decedent's daughter did not include the power to make gifts, the bank account was a joint account and thus the presumption set forth in Banking Law § 675 applies. As with the investment account, petitioner failed to rebut that presumption as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Petitioner further contends on his cross appeal that the

Surrogate erred in denying that part of his motion seeking a default judgment based on respondents' alleged failure to answer the amended petition in a timely manner. We reject that contention. Pursuant to SCPA 2104 (1), the petitioner may examine the respondent with respect to the allegations of the petition and, "[i]f it appears thereon that an issue of title to any property as defined in [SCPA] 103 or the proceeds or value thereof is raised, if he [or she] has not theretofore done so, the respondent shall be directed to serve and file an answer accordingly." Here, when the Surrogate issued the amended scheduling letter after permitting petitioner to file the amended petition, he did not direct respondents to file answers to the amended petition. Thus, respondents were not required to do so. Present—Martoche, J.P., Centra, Carni and Gorski, JJ.